PHILIP COMERFORD, PLAINTIFF IN ERROR, *vs.* CHRISTOPHER C. COBB, ADMINISTRATOR *de bonis non* OF JAMES W. EXUM, DEFENDANT IN ERROR.

The regular mode of bringing the cause of action before the court is by craving oyer.

The word *seal* written in the *scrawl* attached to the name of the obligor, indicates the intention of the party executing the instrument to make it a specialty, and the intention must govern.

The word seal so written in the scrawl makes the instrument a writing obligatory or specialty, to which the plea of the statute of limitations is bad.

This case came up on writ of error from Jackson Circuit Court. An action of debt was brought in that court by Christopher C. Cobb, administrator *de bonis non* of James W. Exum, on the instrument stated and set forth in the opinion delivered by the court, against Philip Comerford, the plaintiff in error in this Court.

Comerford pleaded the statute of limitations—to which plea, Cobb, the plaintiff below, demurred, and for cause of demurrer, showed that the instrument sued on was a specialty, to which the statute pleaded does not apply.

The demurrer was sustained by the court ; and the only question presented by the record is, whether the court erred in giving judgment for plaintiff upon the demurrer.

*Keyes*, for Plaintiff in Error, contended,

The statute of 1829 declares that a scrawl affixed as a seal shall be as effectual as a seal. Thompson's Digest, 348. It is clear that a scrawl is not, under the statute, *de facto*, a seal.

It is necessary that the instrument itself to which the scrawl is affixed, should bear witness that the scrawl was affixed as a seal. 1 Mun. Rep., 487, 491. 4 Mun. Rep. 442. Minor's (Ala.) Rep., 187. 2 Randolph Rep., 446. See 2 Cowen & Hill's notes. 10 Philips' Evidence, 1227, for the American learning on the point.

Some doubt may exist whether the point be properly presented. It is submitted that the statute, which requires the cause of action or a copy thereof to be filed with the declaration, makes the cause of action, or the copy when so filed, a part of the record. And as the demurrer to the plea of the statute of limitations presents the whole record to the court, the variance which appears between the cause of action and the description thereof in the declaration, is a ground well shown for the reversal of the judgment of the court below.

The court is also referred to 4 Ark. Rep., 196, and to 6 Ark., 117, where the point is mentioned as *res adjudicata.*

*Carmack, Stephens & Baker*, for Defendant in Error :

The record in this case presents the single question : Did the court below err in sustaining the demurrer to the plea of the statute of limitations ?

1. Actions of debt founded on *specialty* are expressly excepted out of the statute of limitations. Th. Dig., 442, sec. 1.

In this case, the " cause of action" is described in the plaintiff's declaration as a *specialty*, " writing obligatory sealed with the seal," of which profert is made. The defendant, by his pleadings, admits the " cause of action" to be such as it is described in the declaration.

If the defendant in the court below desired to present the question, whether the cause of action was a *specialty* or not, he should have craved *oyer* and *demurred.* 1 Chitty Pl., 466–'7.

If this view of the subject be correct, it is unnecessary to enter into a discussion of the question presented by the argument on the other side, as to the effect of a scrawl.

4

By referring to the case cited on the other side, 4 Ark., 195, the court will perceive that the question was presented by the defendants craving *oyer* and then demurring.

Justice LANCASTER delivered the opinion of the Court :

The plaintiff, C. C. Cobb, Administrator, &c., brought suit in the Court below against P. Comerford, the defendant in that Court and plaintiff in error here, in an action of debt, and declared upon a writing obligatory. At. the bottom of his declaration a copy of the cause of action is set forth in these words, viz :

" Twelve months after date we or either of us promise to pay Frederick L. Ming, Executor to the estate of James W. Exum, deceased, the sum of one hundred and forty-nine dollars and fifty cents, for value received. December 29th, 1838.

(Signed) " H. J. MARLY,    [SEAL.]<br>
" CHARLES TRIPP,    [SEAL.]<br>
"PHILIP COMERFORD, [SEAL.]"

To this declaration sundry pleas were pleaded, but all were withdrawn but the plea of the statute of limitations, viz : *non accrevit* within five years ; to which plea plaintiff demurred, issue was joined on demurrer and demurrer was sustained and judgment given for plaintiff.

The only question for this Court to examine and inquire into is—whether the demurrer was properly sustained, or not ?

The plaintiff in error contends that the demurrer to the plea brings before the Court the instrument declared on, as well as the record, and that it is before the Court for its inspection. It may be as well to remark that the regular mode of bringing the cause of action before the Court is by craving oyer ; because it is no part of the record.— A copy appended to the declaration does not make the original any part of the record, and the Court will only take notice of it where the defendant craves oyer and demurs. If the original had been appended to the declaration, instead of a copy, the point might have been different, as the pleadings are shaped. The authority referred to (4 Ark. R. 196, of Birtrand vs. Boid,) strongly recognizes the position here taken. But, presuming the copy of the writing declared on to be accurately given, we have looked into the authorities referred to (1 Mumford, 487, 491, and 4 Mumford, 442,) to see whether they sustained the ground assumed by plaintiff in error. The principle

established in those cases seems to be that, where the writing concludes with the words "Witness my hand," and the obligor signs his name with a scrawl at the end, it is not sufficiently shown he intended to make a seal, or he would have given stronger evidence of his intention; and instruments of the character involved in the principle were ruled, in those decisions, not to be sealed instruments. But in those decisions it is fairly inferrable, had there been sufficient from which to discover an intention on the part of the obligor to make a sealed instrument, the ruling had been different. The intention of the obligor, at the time of making the writing, if ascertainable, is to govern. Now, within the scrawl attached to the name of the obligor, Philip Comerford, the word "*seal*" is written, plainly and unequivocally indicating the purpose for which the scrawl was attached.

In the case of Dardenne vs. Bennett et al., 4 Ark. R. 456, the Court, upon a review of the authorities, expressly rule that the clause "*in cujus rei testimonium*" is not essential to a deed or bond.

In the case of Birtrand vs. Boid, 4 Ark. R. 196, before cited, the decision was upon an instrument having a scrawl, with the word "seal" written in it, precisely as in this case. The statute upon which its efficacy depended is in these words : "every instrument of writing expressed on the face thereof to be sealed, and to which the person executing the same shall affix a scrawl by way of seal, shall be deemed and adjudged to be sealed." The writing was ruled to be within the provisions of the act, and to be regarded as a sealed instrument.

The statute of Florida is in these words : "A scrawl affixed as a seal to any instrument shall be as effectual as a seal." Thompson's Digest, 348.

This, then, in effect, is a sealed instrument and was so intended by the parties at the time of its execution. It is, then, in contemplation of law, a writing obligatory or specialty—to which the plea of the statute of limitations has repeatedly been held to be bad. Indeed, it is not recollected that there is any conflict of authority on this point. No error has been perceived in the judgment of the court below; it must, therefore, be affirmed with costs.