ISAAC HUDSON *v.* GEORGE POINDEXTER, Judge, etc.

1. PLEADING: PLEA IN ABATEMENT TO CHARACTER OF PARTY SUING.— An objection, that the plaintiff in an action cannot sue, or sues by an improper name, must be made by plea in abatement: it cannot be raised by demurrer.
2. SCROLL: WHEN EQUIVALENT TO A SEAL. — Under the statutes of this State, a scroll attached to a written instrument has the effect of a seal, whenever it appears from the body of the instrument, the scroll itself or the place where affixed, that it was intended as a seal.
3. ACTIONS: DEBT: NOT LIMITED TO DEMAND IN DECLARATION.—In an action of debt, the plaintiff is not limited to the demand in the declaration, and he may recover the amount he is legally entitled to under the proof, not to exceed the damages laid in the declaration.
4. STATUTE OF JEOFAILS: ERRORS AND IRREGULARITIES IN PLEADING CURED BY VERDICT.— Under the statute of jeofails all errors and irregularities in pleading are cured by the verdict.

ERROR to the Circuit Court of Bolivar county. Hon. J. S. Yerger, judge.

Action of debt, commenced at the April Term, 1861, by defendant in error against plaintiff in error and Peter B. Starke, on the writing obligatory copied in the opinion of the court. Plea of *nil debet* and Statute of Limitations of six years. Demurrer to plea of Statute of Limitations, which was sustained. Jury and verdict on the plea of *nil debet* for defendant in error, at the October Term, 1866. Writ of error to this court. The errors assigned are stated in the opinion of the court.

*Clark & Montgomery* for plaintiff in error.

No counsel for defendant in error.

SHACKELFORD, C.J., delivered the opinion of the court.

This is an action of debt, in the Circuit Court of Bolivar county, upon the following note, viz.:

" $734.35. Twelve months after date, we, Peter B. Starke as principal, and Isaac Hudson as security, promise to pay Joseph W. Elliott, Judge of Probate, and ex-officio Trustee of the School Fund of Bolivar county, and his successors in office, seven hundred and thirty-four dollars and thirty-five cents, for three years and ten months' interest on Peter B. Starke's note for $1,915.72, with eight per cent interest from the 25th day of March, 1853, until paid.

PETER B. STARKE. [L. S.]

ISAAC HUDSON. [L. S.]

BOLIVAR COUNTY, STATE OF MISSISSIPPI,
    March, the 25th day, A.D. 1853.

The defendants pleaded three pleas to the action, — *nil debet*, and the Statute of Limitations.

1st. That they did not undertake or promise to pay the note within six years from the maturity of the same. 2d. That more than six years had elapsed from the maturity of the note before the commencement of the suit. The second and third pleas of the Statute of Limitations were demurred to by the plaintiff, and demurrer sustained by the court, and judgment of *respondeat ouster.* The defendants declined to plead further.

Leave to amend the declaration on the day of the trial of the cause was given to the plaintiff, and the same was amended by the insertion of the name of George Poindexter, Judge of Probate, as the successor of the original payee, and the case revived in his name.

The case was submitted to the jury on the issue made by the plea of *nil debet,* and a verdict for plaintiff in damages for $1,530.80, and judgment thereon.

To reverse this judgment, the case is brought here by writ of error.

The first assignment of error is, " the action is brought for the use of the trustees of the school fund of sixteenth section, etc., not naming them, and no such body is known as a corporation." It should have been for the use of " the trustees of schools and school lands of township No. 21, etc."

It is insisted by the counsel for defendants that the demurrer of plaintiff should have been extended back to the declaration for the defect complained of in their first assignment of error. The ground set forth in this assignment against the declaration, it seems to us, could not be reached by a demurrer, and that the only way to have made this objection available to the defendants was for them to have pleaded in abatement. We do not consider the ground assigned as sufficient.

The second assignment of error is, that "the demurrer of plaintiff below to the second and third pleas should have been overruled."

It must be admitted that the proper course for the plaintiff to have pursued in relation to these pleas was for him to have taken issue upon them, and not to have demurred to them. It was a question of law for the court to have decided, when the writing obligatory or instrument sued upon was offered in evidence to the jury, whether it was a writing obligatory or not. If not, the Statute of Limitations pleaded by defendants barred the remedy of the plaintiff.

The sustaining of the demurrer in the case before us by the court, it will be seen hereafter, did not prejudice the rights of the defendants. The result would have been the same whether the demurrer had been overruled or sustained. It is evident that the court considered the *profert*, without *oyer*, of the writing obligatory, and the filing of it, or making it a part of the record in the case, and considered the scrolls annexed to each name as seals, and that these scrolls made the instrument a sealed instrument; and therefore the Statute of Limitations of six years could not reach the case or bar the action.

This court has repeatedly held, in construing the statute, that "any instrument, to which the person making the same shall affix a scroll by way of seal, shall be adjudged and holden to be of the same force and obligation as if it were actually sealed;" that whenever it is manifest that a scroll was intended to be used "by way of seal," it must have that effect, whether it so appears from the body of the instrument or from the scroll itself; and that "any affixture to an obligor's name in

an instrument, and in the *locus sigilli*, manifestly intended to be used by way of seal, is sufficient to have that effect." *McGuire* v. *McRann*, 9 S. & M. p. 34; *Whittington et al.* v. *Clarke*, 8 S. & M. p. 480; *Commercial Bank of Manchester* v. *Ullman*, 10 S. & M. p. 411.

The action of the court in sustaining the demurrer to these pleas has in no wise prejudiced the legal rights of the defendants. We consider this assignment not well taken.

If we are right in our views of the question presented by the defendants in their second assignment of error, the third assignment of error is disposed of by the reasons we have given for holding that assignment untenable.

The fourth assignment is, that "the damages are excessive."

Counsel in behalf of the defendants insist that because there is an omission in the declaration "to demand a certain sum," that the plaintiff cannot recover any more than the interest on the note sued upon, and not the amount of the note and the interest on the same. A party in the action of debt is not limited to his demand in the declaration; he can recover no judgment upon that demand; he has to show the legal liability of the defendant in his declaration by setting it out, and without that showing he can recover nothing. It is a well-settled rule *now*, in the action of debt, that a party can recover less than the debt demanded in his declaration by this relaxation of the old rule, "that the party was restricted to the amount demanded in the declaration, or he could recover nothing;" consequently allows the plaintiff to recover the amount demanded. If the amount of damages claimed will reach the amount he shows, he is legally entitled by the proof. In the case at bar the plaintiff laid his damages at $2000. The judgment and verdict is for a less sum.

We consider this objection as merely technical and immaterial; substantial justice has been done. The verdict is for the amount shown to be due by defendants' note, and interest on the same in accordance with the rate reserved in the note. If this rate of interest was usurious, the defendants could have made their defence before the case was submitted to the jury.

It is too late now to set up this defence, even if it were tenable. The counsel seem to be mistaken in the section of the Act of February 13, 1844, which has been repealed. The second section of that act was repealed, but the first and third sections, which alone apply to the subject of interest, are unrepealed. The first section authorizes " the trustees of schools and school funds to charge and receive ten per cent interest for the *bonâ-fide* loans of money made by them in their respective townships," and authorizes the charge of same interest in the renewal of notes for sale of lease of sixteenth sections, in their respective townships." This court has held in its earlier decisions, and in a recent case, " that it is a settled principle, in all appellate tribunals, that no judgment will be reversed for any irregularity or error that does not actually prejudice the party complaining of it."

The fifth assignment of error is, " the record is so defective, that the judgment could not be pleaded in a subsequent action, by plea of former recovery, in suit by the payee for the use of the trustees of schools and school lands in the proper township."

The grounds relied upon by counsel in support of this assignment are, that the note sued upon was payable to Jo. W. Elliott, Probate Judge; that when the suit was instituted it was instituted in the name of C. T. Miles, Judge of Probate, as successor of Jo. W. Elliott, and no order appears on the minutes reviving it in the name of Miles. Then it was revived in the name of Poindexter as the successor of Miles. It was immaterial whether the suit was revived in the name of Miles, as successor of Elliott, or not; it was properly revived in the name of Poindexter, the Judge of Probate in office at the trial of the case ; this we consider sufficient to protect defendants in another suit upon the same cause of action.

We are of opinion that any errors or irregularities of pleadings in the case are cured by the verdict, under our statute of jeofails, and that the judgment should be affirmed.

Let the judgment be affirmed.