[No. 12170.   Department One. — March 20, 1888.]

## DANIEL STRICKLAND, RESPONDENT, *v.* ELLEN E. HOLBROOKE, APPELLANT.

PROMISSORY NOTE — SUFFICIENCY OF FORM — INTEREST. — An instrument in the following form, viz.: "Grass Valley, July 8, 1882.  $1,000.  Three years from date, I promise to pay to Daniel Strickland, for value received, in United States gold coin, at the rate of ten per cent per annual," — and signed by the makers, is a promissory note, and is in effect an agreement to pay one thousand dollars three years after the 8th of July, 1882, with interest thereon at the rate of ten per cent per annum.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Cross & Simonds,* and *A. B. Dibble,* for Appellant.

The instrument in question is not a promissory note, as it does not promise to pay anything.  (*Norwich Bank* v. *Hyde,* 13 Conn. 279; *Boyd* v. *Brotherson,* 10 Wend. 93; *Smith* v. *Smith,* 1 R. I. 398; 53 Am. Dec. 652; *Poorman* v. *Mills,* 39 Cal. 350; 2 Am. Rep. 451.)

*A. J. Ridge,* and *J. I. Caldwell,* for Respondent.

FOOTE, C. — This action was brought against Ellen E. Holbrooke to recover a money judgment upon a writing, as follows:—

"GRASS VALLEY, July 8, 1882.

"$1,000.   Three years from date, I promise to pay to Daniel Strickland, for value received, in United States gold coin, at the rate of ten per cent per annual.

"DANIEL P. HOLBROOKE.
"ELLEN E. HOLBROOKE."

Had the one thousand dollars in figures and dollar-mark been expressed in words, the writing would have read thus:—

"Grass Valley, July 8, 1882.

"One thousand dollars. Three years from date, I promise to pay Daniel Strickland, for value received, in United States gold coin, at the rate of ten per cent per annual. "Daniel P. Holbrooke.

"Ellen E. Holbrooke."

The action was brought upon this instrument as if it was a promissory note for the payment of money; the prayer of the complaint was a judgment against Ellen E. Holbrooke for one thousand dollars, and interest at the rate of ten per cent per annum from date. A demurrer to the complaint being overruled, an answer was filed denying all the allegations of the first-mentioned pleading. Judgment was rendered as prayed for, and an order made denying the defendant's motion for a new trial. From the judgment and order this appeal is taken.

The instrument above set out was offered in evidence; it was objected to, but admitted by the court. It was read, and the plaintiff offered evidence which tended to prove that no portion of the principal sum of money or interest thereon had ever been paid. The defendant offered no evidence whatever.

The question for determination is, What is the legal effect of the alleged promissory note?

To us it seems that, by the terms thereof, at Grass Valley, on the 8th of July, 1882, Daniel P. and Ellen E. Holbrooke, one thousand dollars, three years after said 8th of July, 1882, promised to pay Daniel Strickland, for value received, in United States gold coin, with ten per cent per annum; or what is the same thing:—

At Grass Valley on the eighth day of July, 1882, Daniel P. and Ellen E. Holbrooke promised to pay, three years after the said eighth day of July, 1882, Daniel Strickland one thousand dollars in United States gold coin, for value received, with interest at the rate of ten per cent per annum from said last-mentioned date.

Taking the whole instrument in all its terms, it is evident that it was a written engagement by the signers thereof to pay a certain sum of money at a certain time, with interest from the date of the instrument, for value received.

The sum or amount of such an instrument need not necessarily be expressed in words; if expressed in figures or ciphers, it has the same effect. (Story on Promissory Notes, secs. 20, 21.)

No particular form of words is necessary to constitute such a writing. The form of it may be varied at the pleasure of the individual executing it, provided that in all cases the form adopted amounts in legal effect to a written promise for the payment of money absolutely and at all events, and it interferes with no statute regulation. (Story on Promissory Notes, sec. 12.)

The instrument in question needed no correction, or addition to, or subtraction of words therefrom, to make it a promissory note. It was just as certainly a promise to pay, for value received, one thousand dollars in gold coin three years after a certain date, with interest at a certain rate, as if the one thousand dollars had been written after the word "pay" in the body of the note, instead of being written as it was, before the word "three."

For these reasons, we are of opinion that the judgment and order of the court below should be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.