JAMES *M.* VINSON, PLAINTIFFS IN ERROR, VS. THOMAS PALMER, RECEIVER, DEFENDANT IN ERROR.

1. One suing upon a promissory note, upon its face barred by the statute of limitations, but which the defendant, before the bar of the statute was complete, had again promised to pay, need not declare upon the new promise, but may declare upon the original note, and if the statute of limitations is pleaded, reply the new promise.

2. There was no abuse of discretion in the action of the trial judge in permitting the plaintiff during the trial to amend his declaration to conform to the facts as disclosed by the evidence.

3. The assignee of a promissory note who is the real pary in interest may sue and recover upon the note though the assignment was made without endorsement of the note.

4. Because of the fact that our statute gives to the real party in interest the right to sue and recover upon a chose in action a defendant can not complain of the action of the court in permitting a note sued upon to be endorsed during the trial in accordance with a previous assignment thereof made to the plaintiff before suit brought.

Vinson v. Palmer, Receiver—Syllabus.

5. Chapter 4375, acts of 1895, which provides that "every acknowledgement of a promise to pay a debt barred by the statute of limitations must be in writing and signed by the party to be charged," has no application to a promise made before the passage of the act.

6. When from the record submitted to this court it can not be determined whether an amendment was inserted in a proper or an inappropriate place in the original pleading, it will be presumed to have been made at the proper place.

7. When it is obviously the purpose of the maker that the body of a promissory note shall contain the complete promise of payment, and no amount is named therein, the writing does not constitute a note. Marginal figures will be regarded as a memorandum for convenience of reference, and will not cure the omission in the body of the instrument.

8. The crediting upon a promissory note, with the consent of the parties, of an indebtedness of the holder of the note to a partnership of which the maker of the note is a member, with entries thereof upon the books of the holder of the note and of the partnership, operates as a payment upon the note such as will stop the running of the statute of limitations.

This case was decided by Division A.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*P. O. Knight* and *C. C. Whitaker*, for Plaintiff in Error.

*C. W. Stevens*, for Defendant in Error.

MAXWELL, Commissioner.

The defendant in error, as receiver of the Bank of Tarpon Springs, brought suit January 13, 1899, against the plaintiff in error to recover upon three notes for $500 each, dated July 19th, 1890, payable three, six and nine months respectively after date, and a note for $86.87, dated July 19th, 1893, payable three months after date. Judgment was rendered for the plaintiff, and writ of error sued out by the defendant.

I. The declaration was upon the original notes, the first plea by defendant was of the five year statute of limitations, to which plaintiff replied promises to pay, and partial payments made within five years before the institution of suit. Under the first and eighth assignments of error the defendant contends that there was error in admitting in evidence the notes sued upon and rendering judgment therefor when the declaration fails to allege a subsequent promise to pay said notes, which were on their face barred by the statute of limitations, and cites Tate v. Clements, 16 Fla. 339, in support of his contention that the new promise is the basis of the action and must be declared on in order that recovery be had thereon. In that case it is stated that the new promise is the contract upon which suit is based, and the cause of action upon which plaintiff must rely for recovery; but no question was there raised as to the pleadings, and the only point involved was whether the promise to pay one partner, after dissolution of the partnership would remove the bar of the statute as to the other partner. We have no criticism to make of the ruling of the court that it would not. With respect to the question of pleading, however, where a new promise is relied upon to remove the bar of the statute, the great weight of authority is that where such

promise was made before the statutory bar was complete, the proper practice is to declare upon the original cause of action, and if the statute of limitations is pleaded to reply the new promise. Tanner v. Smart, 6 Barn. & Cress, 603; Hurst v. Parker, 1 Barn. & Ald. 92; Upton v. Else, 12 Moore, 303; Irving v. Veitch, 3 M. & W. 90; 13 Ency. Pl. & Pr., 247, et seq.; Harlem v. Bernie, 22 Ark. 217; Beach v. Baldwin, 9 Conn. 476; Newlin v. Duncan, 1 Harr. (Del.) 204; Barrett v. Barrett, 8 Maine, 353. Some of these courts hold a different rule where the debt was barred when the new promise was made, in which case they regard such promise as the cause of action, which must be alleged in the declaration. Howe v. Saunders, 38 Maine, 350; Rodgers v. Byers, 127 Cal. 528, .... Pac. Rep. ....; Shackleford v. Douglass, 31 Miss. 95; 13 Ency. Pl. & Pr., supra. But that question is not involved here.

II. Upon the trial of the case it developed that the three notes for $500 each had been made to the payee Safford as cashier of a partnership of which he was a member, known as the Bank of Tarpon Springs, and not as cashier of the subsequently incorporated bank of that name, as receiver for which the plaintiff sues; and that the notes were afterwards transferred and delivered by such partnership to the bank whose receiver is plaintiff herein. The plaintiff was thereupon permitted over the objection of defendant to amend his declaration by alleging such transfer and delivery for value. Under our very liberal practice no abuse of discretion was shown by the court in permitting such amendment. Burt v. Florida Southern Ry. Co., 43 Fla. 339, 31 South. Rep. 265.

Under the second, third, sixth and seventh assignments of error it is contended that no endorsement of the notes being alleged in the declaration, nor shown to have been

made before suit, no recovery thereon could be had by the bank to which they were assigned or its receiver. Section 981 of the Revised Statutes authorizes suit by the real party in interest, whether the notes were endorsed or assigned without endorsement. Jordan v. John Ryan Co., 35 Fla. 259, 17 South. Rep. 73; Withers v. Sandlin, 36 Fla. 619, text 628, 18 South. Rep. 856; Little v. Bradley, 43 Fla. 402, 31 South. Rep. 342.

III. Under the fifth assignment of error it is urged that the court erred in permitting the · endorsement of the notes in question by the payee pending trial. It does not appear except from the assignment of error that the ruling complained of was made, though the fact of such endorsement being made is testified to ·by Safford. But assuming the fact to appear, and to be error, it was not prejudicial to the defendant. As we have seen, the suit was maintainable without the endorsement, and permitting it to be made affected the rights of neither party.

IV. The defendant contends under the fourth and ninth assignments of error that Chapter 4375, acts of 1895, which provides that "every acknowledgment of a promise to pay a debt barred by the statute of limitations must be in writing and signed by the party to be charged," governs this case, and that the proper construction of the act is that it applies to all debts barred at the commencement of suit, whether barred when the promise was made or not. It is unnecessary for us to construe this act as it has no application to the case. All of the promises and credits relied upon by plaintiff as defeating the bar of the statute occurred before the act was passed. Even if the legislature had the power to destroy the obligation of an existing valid and binding verbal agreement, a statute will not be construed as

retroactive, and as so affecting past transactions unless such intent on the part of the legislature is made clearly apparent in the act itself. McCarthy v. Havis, 23 Fla. 508, 2 South. Rep. 819; *Ex parte* Wells, 21 Fla. 280, text 302. The statute in question contains no such provision.

V. Under the tenth assignment of error, it is urged that there was error in permitting the introduction in evidence of the note for $86.87, dated July 19, 1893, as the declaration as amended alleged the note to have been transferred to the incorporated Bank of Tarpon Springs, while the evidence showed it to have been given to said bank as payee after its incorporation. We are unable from the record to tell whether the amendment alleging the transfer of the notes was inserted after the allegation in the declaration as to the $500 notes to which it was properly applicable, or after the allegation as to the $86.87 note to which it was not applicable. The presumption is that it was made at the proper place (McConnell v. Sullivan, 37 Fla. 576, 20 South. Rep. 762), and that this assignment is without merit.

VI. The eleventh and twelfth assignments of error, which are argued together, are based upon the denial of the defendant's motions in arrest of judgment and for a new trial. The first objection urged under these assignments is to the action of the court in entering judgment for $2,975.93, when the damages claimed in the declaration were but $2,520. This was error, as the plaintiff's recovery should be limited to the amount of his claim. Cooper v. Livingston, 19 Fla. 684; Younglove v. Knox, 44 Fla. 473, 33 South. Rep. 427. Under these assignments it is also urged that there was error in admitting in evidence and entering judgment upon one of the alleged $500 notes which was as follows:

"$500. Int. $25.42. Tarpon Springs, Fla., July 19, '90.

Six months after date I promise to pay to the order of Leandro T. Safford ........... Dollars at the bank," etc. While the rule may be different in a case where there is no blank left in the note and the figures on its margin constitute the only insertion of the amount for which the note is given, made or intended to be made therein (Hubert v. Grady, 59 Texas, 502; Strickland v. Holbrooke, 75 Cal. 268, 17 Pac. Rep. 204), the weight of authority is that where it was obviously the purpose of the parties that the body of the note should contain the complete promise of payment, the marginal figures will be regarded as merely a memorandum for convenience, of reference, and no part of the note itself; and while the amount to be paid remains unstated, the writing does not constitute a note and can not be recovered upon as such. Norwich Bank v. Hyde, 13 Conn. 279; Garrard v. Lewis, L. R. 10 Q. B. Div. 30; Hollen v. Davis, 59 Iowa, 444, 13 N. W. Rep. 413; Smith v. Smith, 1 R. I. 398; 1 Daniel on Neg. Inst. sec. 86a. The payee might have been authorized to fill in the blank space before the word "dollars" with the agreed number. See authorities *supra*. But this was not done, and no recovery can be had upon writing as a promissory note, in its present form.

The only question which is necessary to consider in determining whether in other respects the finding of the court is supported by the evidence, is that of payments or authorized credits upon the notes to remove the bar of the statute of limitations. There is evidence to the effect that within five years before the commencement of suit, indebtedness of Safford, the Cashier of the Bank of Tarpon Springs, to Vinson, the defendant, and his broth-

er was by consent of parties credited on interest due on the notes in question, and entries thereof made on the books of Vinson & Brother and of the bank. Such credit operates as a payment in removing the bar of the statute of limitations. Maber v. Maber, L. R. 2 Exch. Cas. 153; Amos v. Smith, 1 H. & C., 238; Ashby v. James, 11 M. & W. 542; Worthington v. Duncan, 7 Q. B. 479; Wood on Limitations, (3rd ed.) section 113.

For the error in entering judgment upon the alleged note in which the amount to be paid was not inserted the judgment should be reversed and new trial granted, unless the plaintiff shall within thirty days from the filing of the mandate of this court in the court below enter a remittitur as a of the date of such judgment for the sum of $778.52, that being the amount of said blank note including interest. Such entry will also cure the error in entering judgment for a greater amount than that claimed in the declaration, and if such remittitur be made the judgment should be affirmed.

PER CURIAM.

This cause being reached in its regular order for final disposition, was heretofore referred by the court to its commissioners for investigation, who reported the same recommending conditional affirmance for the reasons stated in the foregoing opinion prepared by former Commissioner Maxwell. After due consideration of the case by Division A of the court, the said foregoing opinion is hereby adopted and ordered to be filed as the opinion of the court in said cause, and it is hereby ordered, adjudged and decreed that if the defendant in error shall, within thirty days after the mandate of this court shall be sent to

the court below, enter in the Circuit Court in said cause a remittitur of the sum of seven hundred and seventy-eight dollars and fifty-two cents, as of the date of the rendition of the judgment in said cause, that then the remainder of the said judgment shall be and the same is hereby affirmed, but in the event he shall fail within said time to enter such remittitur, then the whole of the said judgment shall be reversed and a new trial ordered. The defendant in error to pay the costs of these appellate proceedings.