Langley v. Owens—Syllabus.

FRANK LANGLEY, PLAINTIFF IN ERROR, v. T. E. OWENS, DEFENDANT IN ERROR.

1. Where there is no dispute as to the character or device used in the execution of a written instrument, it is for the court to determine whether the device as used constitutes a seal.

2. Under the statute providing "that a scrawl or scroll, printed or written, affixed as a seal to any written instrument, shall be effectual as a seal," a scrawl or scroll affixed as a seal to the signature of the maker of a promissory note is effectual as a seal, and when such scrawl or scroll, printed or written, appears affixed to the maker's signature in the place usually occupied by the seal, it is, in the absence of anything in the note showing a contrary intention and in the absence of fraud, sufficient to give it effect as a seal.

3. When the letters "L. S.," enclosed within parentheses, thus (L. S.) appear opposite the signature of the maker of a promissory note in the usual place for the seal but with no reference to it in the body of the instrument, whether written or printed, it is evidence of a purpose to make a sealed instrument.

4. The character or device (L. S.) printed or written appearing in the usual place for the seal opposite the signature of the maker of a note is not ambiguous, since it has a definite legal meaning and effect when so used; and such character or device does not merely indicate the place where the seal should be put, since when it is so used the statute makes it effective as a seal, and such a character or device is a scrawl or scroll affixed as a seal within the meaning of the statute.

5. When a written instrument is complete within itself and is not ambiguous or uncertain in its meaning, the intention of the maker and the legal effect of the terms used in the instrument should be determined by the court from an inspection of the instrument itself; and a plea averring that the intention of the maker differs from the legal effect of the terms used in executing the written instrument is demurrable.

6. When words or terms having a definite legal meaning and effect are knowingly used in a written instrument, the parties thereto will be presumed to have intended such words or terms to have their proper legal meaning and effect, at least in the absence of any contrary intention appearing in the instrument.

7. A promise in writing to pay money executed with the character or device (L.S.) printed or written opposite the name of the promissor in the usual place for the seal, has a definite meaning and legal effect, and it should be presumed that the maker intended it to have such proper legal meaning and effect, nothing to the contrary appearing by the instrument as executed.

8.  The meaning and legal effect of a promise in writing to pay money should be determined by the court upon an inspection of the writing itself as executed, and the intention of the maker in so executing it should be gathered from the terms of the writing itself where there is no ambiguity or fraud in the execution.

This case was decided by Division A.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Maxwell & Reeves* for Plaintiff in Error;

*T. E. Owens* and *S. Pasco, Jr.,* for Defendant in Error.

WHITFIELD, J.:   The declaration filed January 20th, 1905, in the Circuit Court for Escambia county in this cause is as follows: "The plaintiff, T. E. Owens, by his attorney, sues the defendant, Frank Langley, for that prior to the institution of this suit, on the 11th day of May, A. D. 1893, the defendant by his three promissory notes under seal; which notes are attached hereto and are herby made a part hereof; promised to pay to the firm of Weinberg & Hays the sum of $97.37 thirty days after date, and the sum of $100.00 sixty days after date and the sum of $100.00 ninety days after date; that the said payees thereafter for a valuable consideration endorsed the said notes and delivered them to the plaintiff; that the defendant has not paid said notes or any part thereof, though often requested so to do. Wherefore plain-

tiff sues and claims damages in the sum of six hundred dollars."

Attached to the declaration are three notes similarly executed, one of which is as follows:

"$97.37.                    Tampa, Fla., May 11th, 1893.
Thirty days after date I promise to pay to the order of Weinberg & Hays Ninety-seven & 37-100 Dollars at Gulf National Bank.
Value received.
No. . . . .   Due . . . .    FRANK LANGLEY, (L. S.)"

The defendant presented a plea that "the said promissory notes in the declaration described were not under seal, and that the above cause of action therein did not accrue within five years before this suit." The plaintiff demurred to this plea on the grounds (1) That it appears from the record that the instrument sued on is a specialty and is not barred in five years; (2) that the said plea does not set forth any defense to the cause of action herein." This demurrer being sustained the defendant by leave of court filed the following pleas:

"2nd. That the said promissory notes in the declaration described were not executed by the defendant as instruments under seal, nor did he adopt or intend the letters 'L. S.,' with brackets enclosing them, printed after his signature to said notes, as his seal, that plaintiff is not a *bona fide* purchaser or assignee thereof for value before maturity, without notice, and that the said alleged cause of action upon said instruments did not accrue within five years before this suit.

3rd. That the said promissory notes in the declaration

20—S. C.

described were given in pursuance of an agreement between this defendant and the payees of said notes, whereby the defendant was to give to the said payee his promissory notes and not sealed instruments for the amounts in said notes designated; that the letters 'L. S.,' with brackets following them, were not regarded either by the said defendant or by the payees of said notes in the execution and delivery thereof as being seals, nor were the said instruments given or taken by the said parties as sealed instruments; that plaintiff is not a *bona fide* purchaser or assignee thereof for value before maturity without notice, and that the said alleged cause of action based thereon did not accrue within five years before this suit.

4th. That the said promissory notes in said declaration described were without consideration in this, that the said payees, at the time of the giving of the said notes, were indebted to the said defendant in a large sum of money then due and payable, that they were then in an insolvent and failing condition, and were fraudulently disposing of their property in such way as to avoid the payment of their just debts; that the defendant becoming cognizant of this fact, pressed them for payment of their indebtedness to him, and that they refused to settle with him otherwise than by giving him a designated portion of the stock of goods which they then held, which they refused to do unless this defendant, besides canceling his said indebtedness, would give them the said instruments now sued upon; that the said goods which the said payees offered to surrender to him as aforesaid were of much less value than the indebtedness existing and then due on the part of said payees to this defendant; that this fact was known to the said payees, and that the said notes were given in compliance with this demand, that this de-

fendant was unwilling to settle his said claim upon this basis, and at first refused to do so, but the said payees refused positively to make any other payment to him than as aforesaid, and finally, under protest and under duress, in order to prevent a total loss of his indebtedness, the said notes were given under said arrangement, this defendant notifying said payees, at the time, that the said notes would never be paid, as the whole transaction was a fraud upon him and void; that the said property surrendered to him as aforesaid, was sold by said defendant shortly after said surrender, to the best advantage and for the best market price, and realized a sum several hundred dollars less than the said original indebtedness of said payees to this defendant; that there was no indebtedness then owing from this defendant to said payees, or any consideration whatever for the said notes, and that the said notes were never presented to this defendant for payment or demand for payment made upon him until a few weeks before the institution of this suit, and the plaintiff is not a *bona fide* purchaser or holder of said notes for valuable consideration before maturity without notice."

The plaintiff demurred to the second and third plea on the ground: (1) "The said plea set up a contemporaneous oral agreement to vary the terms of the written instrument sued on and attached to and made a part of the declaration herein; (2) that neither of said pleas set up any defense to the cause of action set up in the declaration filed herein; (3) that the written instrument sued on and attached to and made a part of the declaration herein, are instruments under seal, and are not barred under twenty years after the cause of action has accrued; (4) that the said pleas are insufficient in law."

The fourth plea was demurred to on the ground: (1) "That said plea is contradictory and repugnant; (2) that while said plea purports to be for want of consideration it shows affirmatively that there was a valuable consideration for the giving of the notes sued on; (3) that said plea is vague, indefinite and uncertain; (4) that said plea sets up no defence to the cause of action alleged in the declaration." The demurrers to the second, third and fourth pleas were sustained and the defendant failing to plead further, final judgment for the plaintiff was entered and the defendant on writ of error here assigns as errors the orders sustaining the demurrers to the several pleas.

Both parties have treated the notes attached to and by reference made a part of the declaration as being a part of the record of the cause that can be reached by demurrer. While this practice has been questioned here (First National Bank of Florida v. Savannah, F. & W. Ry. Co., 36 Fla. 183, 18 South. Rep. 345), we will for the purposes of this case, likewise treat the notes as being properly considered on the demurrer, not for the purpose of supplying an essential allegation omitted from the declaration (Milligan v. Keyser, decided at this term), but in support of the allegation of the declaration that the notes are under seal. The declaration alleges "that the defendant by his three promissory notes under seal, which notes are attached hereto and are hereby made a part hereof, promised," &c. Presuming that the original notes were attached to the declaration, and that the transcript as certified to by the clerk contains accurate copies thereof, they show that opposite the signature of the maker of the notes the character or device (L. S.) appears.

In support of the assignments of error it is urged here that the notes as executed should not be regarded as being under seal, and that if it be presumed that the maker adopted as his seal the letters enclosed in brackets as shown in the notes such presumption can be rebutted. The argument is that the device used is not in fact either a scroll or a scrawl, but it only indicates the place where the seal should be put if used; that the device is ambiguous, is not plainly designated as a seal, and it does not appear that the maker had the particular device in mind when signing the notes; and that since promissory notes do not require a seal, and as there is no reference to the seal in the body of the notes it should not be conclusively presumed that the maker of the notes intended to adopt and use the device as his seal so as to make the notes in law sealed instruments.

It is not contended that the defendant did not in fact adopt and use the character or device (L. S.) as it appears to the right of his signature in the notes, but that he did not adopt and intend it as a seal.

Where there is no dispute as to the character or device used in the execution of a written instrument it is for the court to determine whether the device as used constitutes a seal. See Beardsley v. Knight, 4 Vt. 471; Jacksonville M. P. Ry. & Nav. Co. v. Hooper, 160 U. S. 514, 16 Sup. Ct. Rep. 379.

Chapter 4148, acts of 1893, which took effect April 28, 1893, provides: "That a scrawl or scroll, printed or written, affixed as a seal to any written instrument shall be as effectual as a seal. That all written instruments heretofore or hereafter made with a scrawl or scroll, printed or written, affixed as a seal are declared to be sealed instruments, and shall be construed and received in

evidence as such in all the courts of this State." Under this statute a scrawl or scroll, affixed as a seal, to the signature of the maker of a promissory note is as effectual as a seal, and when such scrawl or scroll, printed or written, appears affixed to the maker's signature in the place usually occupied by the seal it is, in the absence of anything in the note to the contrary, and in the absence of fraud, sufficient to give it effect as a seal. See Hudson v. Poindexter, 42 Miss. 304; Barnard v. Gantz, 140 N. Y. 249, 35 N. E. Rep. 430; Hacker's Appeal, 121 Pa. St., 192, 15 Atl. Rep. 500, S. C. 1 L. R. A. 861.

In 1849, under the statute then in force here which provides that "a scrawl affixed as a seal to any instrument shall be as effectual as a seal," this court, in the case of Comerford v. Cobb, 2 Fla. 418, text 423, held that a promise in writing to pay money in which the device or character [   ] with the word "seal" included therein, appears opposite the signature of the maker, in the usual place for the seal, but with no reference to it in the body of the writing, was in law "a sealed instrument and was so intended by the parties at the time of its execution." In that case the word "seal" was in the brackets, and it is urged that such word so used indicated an intention to make the note a sealed instrument, and that in this case the letters "L. S." appearing in the marks (   ) do not indicate the intention to use the device as a seal.

If the device or character [   ] is of itself a scrawl, as it was called in Comerford v. Cobb, 2 Fla. 418, text 420, and in Bacon v. Green, 36 Fla. 325, text 336, 18 South. Rep. 870, then the device or character (   ) must also be a scrawl; and if the latter device or character is of itself a scrawl, certainly it is none the less so when the letters "L. S." are contained within it. If the word

"seal" contained within the scrawl [   ] or (   ) is evidence that the scrawl was affixed as a seal, the letters "L. S." which are in common use in the making of sealed instruments, when they appear within a scrawl opposite the signatures of the maker of the notes, are certainly evidence of the purpose for which the scrawl was used, and as nothing to the contrary appears by the notes it must be presumed that the maker of the notes so used the device as his seal.   While a seal was not necessary in making a promissory note, the party had a right to make the promise by a sealed instrument, and by the manner of its use the device of character (L. S.) was really and in effect affixed as a seal to the notes and they were thereby in law made sealed instruments.

The act of 1893 does not require that the use of the seal or of a scrawl or scroll as a seal shall be referred to in the instrument, nor that any particular scrawl or scroll, shall be used. The only requirement is that a scrawl or scroll printed or written, be affixed as a seal to make the writing a sealed instrument. The character or device (L. S.) printed or written as it appears in the usual place for the seal, opposite the signature of the maker of the notes, is not ambiguous, since it has a definite legal meaning and effect when so used; it does not merely indicate the place where the seal should be put, because when it is so used the statute makes it as effectual as a seal, but it is a plainly designated scrawl or scroll affixed as a seal within the meaning of the act of 1893 above quoted. See Comerford v. Cobb, 2 Fla. 418; Giles v. Mauldin, 7 Rich. Law (S. C.) 11; Williams v. Starr, 5 Wis. 534; Hudson v. Poindexter, 42 Miss. 304; Lorah v. Nissley, 156 Pa. St. 239, 27 Atl. Rep. 242; Muckleroy v. Bethany,

23 Texas 163; Osborn v. Kistler, 35 Ohio St. 99. See also Sanders v. Ranson, 37 Fla. 457, 20 South. Rep. 530.

The demurrer to the first plea was properly sustained.

When an action is brought on a promise in writing to pay money that is complete in itself and is not ambiguous or uncertain in its meaning, the intention of the maker and the legal effect of the terms used in the instrument should be determined by the court from an inspection of the instrument itself, and a plea averring that the intention of the promissor differs from the legal effect of the terms used in executing the written instrument is demurrable. See Perry, Governor v. Woodberry, 26 Fla. 84, 7 South. Rep. 483; Booske v. Gulf Ice Co., 24 Fla. 550, 5 South. Rep. 247; Solary v. Stultz, 22 Fla. 263, 268; Meinhardt v. Mode, 22 Fla., 279, 290.

When words having definite legal meaning and effect are knowingly used in a written instrument the parties thereto will be presumed to have intended such words to have their proper legal meaning and effect, at least in the absence of any contrary intention appearing by the instrument. See Knott v. Burleson, 2 Greene (Iowa) 600; Findley's Ex. v. Findley, 11 Gratt. 434; 9 Cyc. 583; Hawralty v. Warren, 18 N. J. Eq. 124. If this is true of words it must be equally true as to all terms which in law have a definite meaning and effect.

Notes executed as in this case have a definite meaning and legal effect, and it should be presumed that the maker intended them to have their proper legal meaning and effect, nothing to the contrary appearing by the notes as executed.

The meaning and legal effect of the notes as executed should be determined by the court upon an inspection of them, and the intention of the maker in so executing

them should be gathered from the terms of the notes themselves. Each note is complete in itself, and there is no ambiguity or uncertainty in their execution. No fraud in the execution of the notes is averred. See Knott v. Burleson, 2 Greene (Iowa) 600; Barnhill v. Howard, 104 Ala. 412, 16 South. Rep. 1; I Greenleaf on Ev § 277.

The notes are in law sealed instruments, and pleas which in effect admit the execution of the notes as alleged in the declaration, but aver that it was not intended that they should be executed as sealed instruments are demurrable.

No other questions are argued here for the plaintiff in error.

Final judgment for the plaintiff was entered upon failure of the defendant to plead further, and such judgment is here affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.