**J. C. CARUTHERS v. PENINSULAR LIFE INSURANCE COMPANY.**

7 So. (2nd) 841                    En Banc
May 1, 1942

Walter Warren, for plaintiff in error.

C. E. Duncan, and R. P. Hamlin, Milam, McIlvaine & Milam, and Lawrence A. Long, for defendant in error.

THOMAS, J.:

Agreeable to a stipulation of the parties this cause was submitted to the circuit judge upon the declaration, pleas, replication and the original insurance policy which formed the basis of the suit. The court, finding "that the cause of action accrued more than five years prior to the institution of this suit," entered judgment for the defendant.

In the declaration it was alleged that on 30 January 1928, one Mattie E. Caruthers secured an insurance policy from the defendant payable to the plaintiff as beneficiary upon the death of the insured which occurred a few months thereafter. The suit was instituted 4 August 1941 and the defendant filed a plea charging laches and one that "the alleged cause of action did not accrue within five years. . . ." Analyses of the former and the replication addressed to it are not necessary to a determination of the litigation.

The primary question in the case is the propriety of the judgment which was entered for the defendant on the theory that the cause of action was barred by that part of the statute of limitations providing that suits must be commenced within five years "upon any contract, obligation or liability founded upon an instrument of writing not under seal." Section 4663, C. G. L., 1927. By so holding the court decided that

the action was not one upon an instrument of writing under seal else the plaintiff could have instituted a suit at any time within twenty years. We do not consider it important to delve into the history of the use of seals by corporations on instruments executed by them. The purpose of such seals is two-fold: first, they serve as an authentication of the instrument and second, as the badge of a specialty. Williston on Contracts, Revised Edition, Volume I, page 788. Originally, in England, a corporation could not agree except under its corporate seal, therefore, the first of these purposes was indispensable. This doctrine, however, does not prevail in Florida.

An opinion of this Court bearing upon the subject appears in the case of Grand Lodge, Knights of Pythias, v. State Bank of Florida, 79 Fla. 471, 84 So. 528. There it was said that a seal to the contract of a corporation was unnecessary in order to authenticate the instrument and it was stated as a general rule that a corporation was not required to execute a contract under seal "except it [the contract] be such as to require a seal when done or executed as the contract of a natural person." Therefore, it is the substance of that ruling that the seal of a corporation affixed to an instrument not required to be executed with that formality indicated that it was intended that the instrument be a specialty for, the court pointed out, an individual could not attach his seal to a contract and then deny that it was meant to be a specialty and there was no reason why a corporation should not be held to the same rule.

Apparently, there is an exception if it apears from the instrument itself that it was not intended to be a contract of the higher dignity. The defendant in

error contends that this is apparent in the present policy because of a stipulation that no suit should be brought upon it after the lapse of six months "from the date of death of the Insured." Admittedly, under Section 4651, C. G. L., 1927, this provision of the policy was invalid, but the provision is relied upon, nevertheless, by the defendant in error as proof of the intention on the part of the insurer that the instrument should not be one under seal justifying a suit within the period of twenty years. We think that the position is unsound. If the clause is eliminated as void it can hardly be relied upon to show that the seal bore no significance. The law not only declares such a restriction illegal but prescribes effectuation of it by any court in this state. The simple language of the statute is a complete reply to this assertion of defendant in error. No other provisions in the policy are relied upon as indicating an intention not to make it a specialty and we have found none. On the contrary the conclusion of the contract is: "In Witness Whereof, the said Peninsular Casualty Company has, by its President and Secretary, signed and affixed the seal of the Company, at the City of Jacksonville, Florida, the date aforesaid." From this statement it appears that affixing the seal was no afterthought but the deliberate act of the corporation. The seal was not required as confirmation of execution and served no purpose save to make the contract a specialty.

We do not hold that a recital, such as we have quoted, is necessary to give the agreement that status, but believe that the use of the words clearly indicated the purpose of the corporation to place it in that

category. Williston on Contracts, supra, Section 209, page 642.

The judgment is reversed and a new trial ordered.

BROWN, C. J., WHITFIELD, BUFORD, CHAPMAN, and ADAMS, JJ., concur.

TERRELL, J., dissents.