110 So.2d 470 (1959)
John J. WESTER, Appellant,
v.
Mitchell RIGDON and his wife, Minnie Rigdon, Appellees.
No. A-272.
District Court of Appeal of Florida. First District.
January 20, 1959.
Rehearing Denied February 16, 1959.
*471 Musleh & Blowers, Ocala, for appellant.
Green, Bryant & Simmons, Ocala, for appellees.
WIGGINTON, Judge.
Plaintiff sued on three sealed promissory notes and now brings this appeal from a summary judgment for the defendants.
The complaint was filed on October 31, 1957. It alleged that on January 22, 1937, defendants executed and delivered to plaintiff three promissory notes, each of which was under seal and payable on demand; that partial payments were made, the last of which was on November 30, 1937; that one of the defendants wrote a letter to the plaintiff on August 12, 1938; and that this letter contained an acknowledgment of the indebtedness which he promised to pay. It was upon defendants' failure and refusal on demand to make any further payments that suit was instituted.
*472 Before answering, defendants filed a motion for summary judgment on the ground that it was shown on the face of the complaint that the cause was barred by the statute of limitations and, therefore, no genuine issue as to any material fact was presented. After hearing, the trial court granted defendants' motion upon finding that the notes in question were specialties, and, therefore, neither partial payment nor written acknowledgment would operate to toll the statute of limitations. It was concluded that the action was barred for the reason that it was not commenced within the twenty-year limitations period provided by statute.[1]
At common law, and by the unwritten law merchant, a written promise to pay, executed under the seal of the maker, was known as a "bill single" or "writing obligatory." Although otherwise identical in form to a promissory note, such sealed instruments constituted specialties[2] and were held to be entirely distinct and different.[3] It was generally held that neither part payment nor an acknowledgment and new promise to pay would serve to toll the statute of limitations thereon.[4]
Under the common-law rules of pleading the distinctions between promissory notes and specialties were vigorously observed by the Florida courts in considering questions of pleading and proof. A declaration in assumpsit upon a promissory note, eo nomine, could not be supported by proof of a sealed instrument; and, conversely, an action on a specialty could be maintained only in a proceeding sounding in covenant or debt.[5]
The common law of England is in effect in Florida except insofar as it is modified or superseded by statute.[6] By adoption of the negotiable instruments law[7] the Legislature of this State has radically reformed the common law in regard to promissory notes under seal. At common law sealed notes were non-negotiable, whereas under our statute the validity and negotiable character of such an instrument is not affected by the fact that it bears a seal.[8] While the presence of a seal at common law carried with it a conclusive presumption of valid consideration, a failure of consideration, either in whole or in part, may be pleaded as a defense under our statute[9] without regard to the presence of a seal. Although suit on a sealed promissory note at common law was required to sound in covenant or debt, it is considered under our statute as a promise to pay a sum certain in money,[10] action on which may be maintained in assumpsit.
By virtue of the negotiable instruments law in effect in this State, the only legal distinction between sealed and unsealed promissory notes is that actions on the former may be commenced within twenty years from the effective date thereof,[11] whereas suit upon the latter must be commenced within five years of such date.[12] In all other respects all practical differences between the two types of instruments have been effaced. As stated by Justice Strum in Cracowaner v. Carlton National Bank:[13]
"Both create the same rights and liabilities between the parties. The presence of a scal now has no influence on *473 the substance or effect of the note as such, but is effective only for the purpose of determining the time within which an action may be brought to enforce the rights of the obligee or holder thereof. The latter proposition relates not to the form of the remedy, but to the time within which appropriate remedy is available. * * * The distinctions in the essential nature of the two instruments were the foundation for the technical common-law distinction as to the form of action. The reasons for the rule having been removed by statute, the rule should fall with the reason. * * * By virtue, however, of the Negotiable Instruments Act, the seal is without significance when considering the substance and effect of the instrument as a promissory note, the rights and liabilities * * * thereunder, and consequently the form of action in which those rights and liabilities may be determined, because the common-law distinctions resulting from the presence of the seal upon a promissory note, which were the basis for the common-law distinction as to the form of action, have been abolished by the Negotiable Instruments Act, and a note under seal is therefore of the same essential nature in the respects just named as an unsealed note, unless, of course, a contrary intention appears from the instrument itself." (Emphasis supplied.)
It seems clear, therefore, since sealed promissory notes are no longer clothed with the characteristics of common-law specialties, that the general rules relating to unsealed promissory notes, and the manner in which the statute of limitations relative thereto may be tolled, are equally applicable to promissory notes bearing the seal of the maker.
The promissory notes upon which the instant cause is bottomed are demand notes upon which the statute of limitations began to run on the date of execution or issuance.[14] It is the general rule in this jurisdiction that the time within which suit to enforce the payment of a promissory note must be commenced may be tolled either by part payment of principal or interest,[15] or by written acknowledgment and renewed promise to pay,[16] made before the statutory bar becomes complete.
The complaint filed in the cause now considered affirmatively alleges a tolling of the applicable statute of limitations by a written acknowledgment and renewed promise to pay, and by partial payments, made before the bar became complete. There is nothing in the pleadings, or elsewhere in the record, to the contrary. This action having been brought within twenty years from the date of the last payment upon the notes sued on, it is not barred by the statute of limitations.
For the foregoing reasons, the trial court erred in entering a summary judgment for the defendants. Therefore, the judgment appealed from is hereby reversed and the cause remanded for further proceedings.
STURGIS, C.J., and ORVIL L. DAYTON, Jr., Associate Judge, concur.
NOTES
[1] F.S. § 95.11(1), F.S.A.
[2] Carruthers v. Peninsular Life Insurance Co., 150 Fla. 467, 7 So.2d 841.
[3] See: Hooker v. Gallagher, 6 Fla. 351; Comerford v. Cobb, 2 Fla. 418.
[4] 34 Am.Jur., Limitation of Actions, § 291.
[5] Supra note 3.
[6] F.S. § 2.01, F.S.A.
[7] F.S. Chs. 674-676, F.S.A.
[8] F.S. § 674.07, F.S.A.
[9] F.S. §§ 674.07, 674.27 and 674.31, F.S.A.
[10] F.S. § 676.47, F.S.A.
[11] F.S. § 95.11(1), F.S.A.
[12] F.S. § 95.11(3), F.S.A.
[13] 98 Fla. 792, 124 So. 275, 276.
[14] Syerson v. Kimball, Fla. 1949, 40 So.2d 781.
[15] Dickson v. Humpfer, 111 Fla. 581, 149 So. 574; Vinson v. Palmer, 45 Fla. 630, 34 So. 276.
[16] Hall v. Brown, 80 Fla. 481, 86 So. 277; Vinson v. Palmer, supra note 15.