McMULLEN, NEIL C., Associate Judge.
The appellant, plaintiff below, Leslie T. Bryan, sued appellee, defendant below, First Baptist Church of Altamonte Springs, a Florida corporation on a conventional form demand note dated, executed and delivered August 1, 1958 in exchange for $2500.00, containing the provision:
“ * * * for value received with interest at 6% per annum after maturity until paid.”
Appellee answered denying the complaint and setting up several affirmative defenses. Plaintiff moved for summary judgment. Affidavits were filed by both sides and summary judgment was entered allowing recovery on the note with costs and fees, but crediting certain payments to principal rather than to interest, as appellant claimed they should be credited. The payments referred to were three payments of $150.00 each entered on the back of the note as having been received on August 1, 1959, August 1, 1960 and August 1, 1961. It is significant to note that these payments were each made after passage of one year and were in an amount equal to 6% earned interest on the balance due for the period of a year. The lower court’s holding on this point was:
“ * * * that the note became due and payable when suit was filed, but not before, and that no interest was due until suit was filed * * * ”
Thus the lower court held that since no interest could have been earned without the demand, the payments were not interest and must be applied on principal.
Appellant argues that since this was a demand note expressly providing for interest, interest ran from date of delivery and the lower court’s holding that it did not run until demand was in error. Appellee’s contention is that interest runs only from actual demand. We agree with appellant on the facts in this case.
The key to this situation is found in the rule stated in 4 Fla.Jur. 396:
“The rule now generally adopted is that a promissory note payable on demand becomes due and payable upon its delivery.” See also 8 Am.Jur. 26.
*141 It would therefore be logical for this demand instrument, with the above provision on interest, to earn interest from delivery-on August 1, 1958. It is hardly logical to say the intent was that the instrument.should earn interest only if defendant repudiated its duty to pay the principal timely after actual demand. The law of Florida would award interest in that event even though the parties had not inserted the express provision for interest. See Ross & Co. v. Walker, 44 Fla. 704, 32 So. 934; Clark v. Gibbs, 5 Cir., 69 F.2d 364. The general rule governing our situation is stated thus in 30 Am.Jur. 39:
“In some cases, a contract for the payment of money on demand, with interest, has been construed to bear interest from date, and not from demand or the bringing of suit. This seems to be the general rule where the consideration for the promise has passed at the time of the agreement, and the parties have not otherwise expressly fixed the commencement of the interest period.”
By analogy, we note it has already been held in Florida the statute of limitations runs on a demand instrument from its delivery. See Wester v. Rigdon, Fla.App., 110 So.2d 470; Syerson v. Kimball, Fla., 40 So.2d 781.
Appellee has cited authorities which seem to sustain a rule that a demand instrument does not earn interest until after actual demand. Although there is authority to that effect, an analysis of most of these au-thories indicates facts decidedly different from those in our case. They comprehend, in the main, debts of a different nature and demand instruments without any provision for interest. See 47 C.J.S. Interest § 46, p. 57.
By the inclusion of the words “after maturity”, the appellee argues that unless his theory is accepted, a transferee of a demand note could never be a “holder in due course.” Whether he could be a “holder in due course” is determined by other rules including the reasonableness of the time and circumstances in which he accepts it. This contention is also without merit and is further answered in F.S. 674.55, F.S.A. See also 4 Fla.Jur. 429, 8 Am.Jur. 172.
The lower court is reversed with directions to credit the payments made as interest instead of principal and enter judgment for the face amount plus interest accrued and unpaid since date of delivery.
ALLEN, Acting C. J., and SHANNON, J., concur.