JONATHAN M. COOLBROTH *versus* IRA PURINTON.

A paper given by defendant to plaintiff, promising to pay him one hundred and twenty-three and 6-100, on demand and interest, is a note payable in money, and for a sum certain.

ASSUMPSIT, on a paper signed by the defendant alleged to be a note of hand of the following tenor : —

Coolbroth v. Purinton.

"$123,06.                            Lisbon, 19 Sept. 1836.

"Value received I promise to pay Jona. M. Coolbroth or order one hundred and twenty-three $\frac{6}{100}$ on demand and interest. ,                                      "Ira Purinton.

"Attest, Seward Jones."

The body of this paper was not written by the defendant.

Upon this statement of facts, it was agreed, that the Court might draw such inferences as a jury might draw, and render judgment either by nonsuit or default, as the facts would warrant.

*J. Goodenow*, for defendant.

1. The instrument described in the agreed statement of facts, is not a *promissory note*, within the meaning of the statute of limitations, as it relates to attested notes. — Because there is not mentioned "any sum of money" in such note. Stat. 1821, c. 62, § 10; R. S. c. 146, § 7; *Gilman* v. *Wells*, 7 Greenl. p. 25; *Com. Ins. Co.* v. *Whitney*, 1 Metc.

2. A promissory note to be valid as such, must be for the payment *of money only*. Story on Promissory Notes p. 19.

"It must mention the sum to be paid, a fundamental principle," the amount must be fixed and certain, same p. 21, § 19, 20. In fine, it is contended, that a promissory note, as used in the 7th section of statute of limitations, should possess all the attributes of commercial paper; it should be a plain and unambiguous engagement in writing to pay a certain sum of money *therein stated*, at the time. The instrument set forth in the statement of facts is not such. The action is therefore barred by the statute of limitations.

3. The note is void from uncertainty; and the Court will not make an agreement for the parties. Chitty on Con. 5th Am. Ed. p. 72.

There being no *evidence* of the subject matter of the contract, or of the situation and intent of the parties, the Court cannot ascertain to a moral and reasonable certainty what the contract means. Chitty on Con. p. 79.

Promissory notes are common, which are for the payment of specific articles. If the Court can supply the word "dol-

lars," they may, it is apprehended, supply other words with the same propriety, and moral and reasonable degree of certainty, as, " dollars in corn," " dollars in goods."

If there is a clerical error, it may be in the omission of more words than *one*.

A note expressed thus : — " For value received, I promise to pay A. B. sixteen in May next with interest, will not support an action. The ambiguity is patent and not to be explained by parol." *Brown* v. *Beebe*, 1 Chip. p. 227 ; cited in the U. S. Digest, vol. 2, p. 305, § 1217.

*In all the cases* where the words " dollars" or " pounds" have been supplied when omitted, it will be found, that there was evidence, in the instrument itself, or *aliunde*, showing that money *only*, and what amount, was thereby intended to be secured and paid.

It would be against public policy to hold this paper good and valid as a promissory note.

*Woodman*, for plaintiff.

The opinion of the Court was given orally by

Howard, J. — The Court are satisfied, that the paper declared on, is the promissory note of the defendant, payable in money and for a sum certain, and being witnessed the statute of limitations does not apply.          *Defendant defaulted.*