## HOLLEN v. DAVIS ET AL.

1. **Promissory Note:** BLANK AS TO AMOUNT: NOT GOOD IN LAW. The figures on the margin or at the head of a note are no part of it, but a mere memorandum; and there can be no recovery at law on a note which fails to state in the body of it the amount for which it is given.

2. **Practice:** APPEAL FROM JUSTICE'S COURT: AMENDMENT OF PETITION. Where a judgment was obtained before a justice of the peace on a note on which there could be no legal recovery, it was error for the Circuit Court on appeal to allow plaintiff, against defendant's objections, to amend his petition, by setting up a mistake in the execution of the note, and asking equitable relief in the reformation of the instrument. To do so was a violation of section 3591 of the Code, which provides that on appeal "no new demand or counter-claim can be introduced into a case after it comes into the Circuit Court, unless by consent."

*Appeal from Tama Circuit Court*

THURSDAY, OCTOBER 5.

ACTION upon a promissory note originally commenced before a justice of the peace where a judgment was rendered for plaintiff; on appeal by defendants to the Circuit Court a like

judgment was rendered and defendants now appeal to this court. The facts of the case appear in the opinion.

*Stivers & Louthan* and *C. B. Bradshaw*, for appellants.

*Struble & Kinne* and *O. H. Mills*, for appellee.

BECK, J.—I. This action was brought before a justice of the peace upon a promissory note indorsed to plaintiff in the following form and language:

"$200.00.                    TAMA CITY, IOWA, July 27th, 1875.

"Fifteen months after date I promise to pay to the order of Richard Thomas, and in case of his death to J. D. Merritt, ————.————dollars, at the Banking House of Carmichael, Brooks & Co., for value received, with interest at ten per cent per annum.                    "FRED T. DAVIS."

"Due October 27th, 1876.

The defendant Davis, the maker of the note, accepted service of the notice of the action before the justice, and assented "that the justice have jurisdiction to try the suit to the amount of two hundred and fifty dollars."

The defendant failed to appear to the action before the justice and judgment was rendered against him by default for two hundred and fifty dollars and costs. From this judgment defendant appealed to the Circuit Court.

By leave of the Circuit Court, defendant filed an answer and counter-claim, and afterwards plaintiff, by leave of the court, filed what is called an amended petition, setting out the note and showing that it was transferred to plaintiff who is now the holder thereof, and alleging that the amount for which the note was intended to be executed, two hundred dollars, is not expressed in the body of the note, being omitted through mistake in failing to fill up the blank, and that it was the mutual agreement and understanding of the parties that the note should be so written as to express the agreement to pay two hundred dollars. The amended petition prays that the note may be reformed and corrected by inserting the words "two hundred" in the body of the note in the proper

blank, and that judgment for the sum of $350 be rendered in this case.

A motion to strike the amended petition on the ground that it presents a cause of action in equity, and no such claim was made before the justice, was sustained. Thereupon the cause came on for trial and plaintiff offered the note in evidence. Objection thereto on the ground that the instrument is not a promissory note, is not described in the notice of the action of the justice's court, and does not contain a promise to pay any sum of money, was overruled, and the note was admitted. The defendant thereupon withdrew his counterclaim.

The plaintiff testified, in substance, it was the intention of the parties that the note should call for $200, and the proper words expressing that amount were not written through oversight and mistake. This evidence was objected to by defendant. The plaintiff was permitted to file an amended petition which is in the same language as the amended petition stricken from the files. To the filing of the pleading objection was made on the ground that it introduces a new demand in the action which is exclusively cognizable in a court of equity. The objections were overruled and the cause was continued at the costs of defendants. At the next term the defendants moved to strike the amended petition for substantially the same reasons that were assigned as objections to filing it. The motion was overruled. Upon evidence showing it was the intention of the parties that the note should call for $200, judgment was entered reforming it to correspond with such intention, and judgment was rendered against defendant and his sureties upon the appeal bond for $327.38. The sureties upon the appeal bond unite with defendant in the appeal.

II. The figures in the margin of the note in the suit are no part of the instrument; they constitute a mere memorandum. They cannot supply the blank for insertion of the amount the maker agreed to pay. *Norwich Bank v. Hyde*, 13 Conn., 297; *Smith v. Smith*, 1 R. I., 398.

1. PROMISSORY note: blank as to amount: not good in law.

It follows that there can be no recovery upon the note, for it is not a promise to pay any sum. This conclusion seemed to have been reached at the trial in the court below, for recovery was only had after judgment reforming the instrument and filling the blank in accord with the intention of the parties as shown by the evidence.

III. We are required to determine whether the Circuit Court was authorized to enter the decree reforming the note.

2. PRACTICE: appeal from justice's court: amendment of petition. It cannot be denied that relief of this character can be granted only in chancery. No such relief could have been granted by the justice of the peace, for he had no jurisdiction of matters solely cognizable in chancery. Constitution, Art. 11, § 1; Code, § 3508.

Code, section 3591, provides that in appeal cases "no new demand or counter-claim can be introduced into a case after it comes into the Circuit Court, unless by mutual consent." The word "demand" here used means "a claim; a legal obligation." It relates to the subject of the suit and the remedy sought. These are presented in action by the pleadings, and issues are thus formed involving them. The claim made before the justice and the remedy sought cannot be changed and issues involving other matters presented in the Circuit Court upon appeal. In the case before us the subject of the action in the justice's court was a claim for $200 upon a promissory note. The instrument sued upon was found upon appeal not to be a promissory note, for it bound the maker to pay no sum of money. The amended petition asked the court to reform the note and render judgment thereon. It is plain that the remedy thus sought is not the same that plaintiff asked in the justice's court. Not only does he ask that the court shall make, as it were, a new instrument, but render judgment thereon. It is equally plain that the subject of the suit is changed by the amendment. It becomes thereby a claim upon a note different from the one in suit before the justice. The reformation changed the note from an invalid instrument by which the maker was bound to pay no sum of money, into a

valid one calling for $200. The form, substance and effect of the note are changed by the reformation. It in fact becomes a new and different instrument.

It is apparent that the issues involved in the amendment are not those which were presented to the justice. See *Dicks v. Hatch*, 10 Iowa, 380; *Griswold v. Bowman et al*, 40 Id., 367.

We reach the conclusion that the Circuit Court erred in reforming the note and rendering judgment thereon.

REVERSED.