Witty v. The Michigan Mutual Life Insurance Company.

Filed April 24, 1890.

———————•———————

No. 14,196.

WITTY *v.* THE MICHIGAN MUTUAL LIFE INSURANCE COMPANY.

PROMISSORY NOTE.—*Instrument in Writing Construed to be.—Section 5501, R. S. 1881.*—The following instrument in writing: " $147.70.   Indianapolis, Ind. Nov. 28th, 1883.   Four months after date I promise to pay to the order of the Michigan Mutual Life Insurance Company, —— dollars ——, and five per cent attorney fees thereon per annum from date until paid, value received, without relief from valuation or appraisement laws of the State of Indiana. The endorsers jointly and severally waive presentment for payment, protest, and notice of protest, and non-payment of this note, and expressly agree, jointly and severally, that the holder may renew or extend the time of payment hereof from time to time, and receive interest in advance or otherwise from either of the makers or endorsers for any extension so made, without releasing them hereon. Negotiable and payable at ———. J. B. Witty," is an enforceable obligation. If not otherwise, then by virtue of section 5501, R. S. 1881, and it is negotiable by endorsement.

SAME.—*Number of Dollars.— Omission of in Body of Note.—Marginal Figures.*—If an obligation is found where there is a promise to pay "dollars," but the number of dollars in the body of the instrument is blank, and the margin of the instrument contains a superscription which states the number of dollars, the figures found in the margin should be taken as the amount which the obligor intended to obligate himself to pay, and the obligation enforced accordingly.

WRITTEN INSTRUMENT.—*Formal Imperfection.*—*Sufficiency of Notwithstanding.* —Though there may be some formal imperfections in a written obligation or contract which parties have entered into, if it contains matter sufficient to enable the court to ascertain the terms and conditions of the obligation or contract to which the parties intended to bind themselves, it is sufficient.

From the Marion Superior Court.

*T. Hanna,* for appellant.

*H. Speed,* for appellee.

BERKSHIRE, J.—This was an action brought by the appellee against the appellant on the following writing:

" $147.70.        INDIANAPOLIS, IND., Nov. 28th, 1883.

" Four months after date I promise to pay to the order of the Michigan Mutual Life Insurance Company ——— dollars ———, and five per cent. attorney fees thereon per annum from date until paid, value received, without relief from valuation or appraisement laws of the State of Indiana. The endorsers jointly and severally waive presentment for payment, protest, and notice of protest, and non-payment of this note, and expressly agree, jointly and severally, that the holder may renew or extend the time of payment hereof from time to time, and receive interest in advance or otherwise from either of the makers or endorsers for any extension so made, without releasing them hereon.

" Negotiable and payable at ————.

" J. B. WITTY.

" Mar. 28, 31, '84, Indiana."

The appellee, in its complaint, did not ask for a reformation of the instrument, but relied on it as a promissory note complete in itself.

The appellant answered by the general denial only.

The cause was submitted to the court at special term, and a finding made for the appellee. The appellant filed a motion for a new trial, which the court overruled, and he excepted.

An appeal was taken to general term, and upon the er-

rors assigned the judgment at special term was affirmed, and from the judgment in general term this appeal is prosecuted.

There is but one question presented for our consideration. Is the written instrument, as it appears in the record, an enforceable obligation? We are of the opinion that it is, if not so otherwise, by virtue of section 5501, R. S. 1881, and is negotiable by endorsement.

It is signed by the appellant, and when taken as an entirety we think it contains a promise to pay $147.70, together with five per cent. attorney's fees. By the very terms of the instrument the appellant obligates himself to pay to the appellee " dollars," and it is expressly recited that this promise rests upon a valuable consideration. No one can read the writing without at once coming to the conclusion that the appellant intended to obligate himself to the appellee for the payment of some definite amount of money, and that the appellee understood that it was receiving such an obligation.

Though there may be some formal imperfections in a written obligation or contract which parties have entered into, if it contains matter sufficient to enable the court to ascertain the terms and conditions of the obligation or contract to which the parties intended to bind themselves, it is sufficient. In the language of Lord CAMPBELL, in *Warrington* v. *Early*, 2 Ellis & Bl. 763, " the effect of a written contract is to be collected from all within the four corners of the document," and no part of what appears there is to be excluded. We can imagine no good reason why the marginal figures upon the writing in question should be disregarded.

We know as a part of the commercial history of the country that the universal practice has been for a period so long, that the memory of man runneth not to the contrary, to represent by superscription in figures upon all obligations for the payment of money the amount or sum which is written in the body of the instrument. The superscription is always

intended to represent the amount found in the body of the instrument, and not a different amount; if, therefore, an obligation is found where there is a promise to pay "dollars," but the *number* of *dollars* in the body of the instrument is blank, and the margin of the instrument is found to contain a superscription which states the number of dollars, why, in view of the usage or custom which has so long prevailed, should the body of the instrument not be aided by the superscription? We think, in such a case, the figures found in the margin should be taken as the amount which the obligor intended to obligate himself to pay, and the obligation enforced accordingly. We do not think, in such a case, that the courts would be justified in disregarding the evident intention of the parties as indicated by the superscription upon the paper, and in holding the instrument void for uncertainty, or on the ground that it is not a perfect writing. And especially are we of the opinion stated, in view of the liberal statute which we have on the subject of promissory notes and other written obligations and their negotiation. Section 5501, *supra*.

In the case under consideration the action is between the original parties to the instrument, and upon it in the form and condition in which it was executed, and, therefore, we do not think it would be profitable to consider questions which might arise where the obligation is made payable at a bank, the blank number of dollars afterwards filled in by the payee and endorsed by him to an innocent holder for value before maturity. As to whether the writing would be a negotiable instrument in its present condition but for our statute, we find some conflict of authority. We cite the following authorities for and against the proposition:

For—*Ives* v. *Farmers' Bank*, 2 Allen, 236; *Sweetser* v. *French*, 13 Met. 262; *Petty* v. *Fleishel*, 31 Texas, 169; *Corgan* v. *Frew*, 39 Ill. 31; *Williamson* v. *Smith*, 1 Cald. (Tenn.) 1.

Against—*Norwich Bank* v. *Hyde*, 13 Conn. 279; Edwards

Bills, p. 168; *Hollen* v. *Davis*, 59 Iowa, 444 (44 Am. Rep. 688, and note).

We find no error in the record.

The judgment is affirmed, with costs.

