FRANK E. KIMBALL *v.* DOMINICK COSTA.

October Term, 1903.

Present: ROWELL, C. J., TYLER, START, WATSON, STAFFORD, and HASELTON, JJ.

Opinion filed February 15, 1904.

*Conditional Sale—Memorandum of Lien—Defective Note—*
*Additional Security.*

The figures upon the margin of a note may be referred to for the purpose of removing any ambiguity, or even to supply the amount, when that has been wholly omitted in the body of the instrument.

A conditional sale note payable to F. E. Kimball or order, for the "sum of F. E. Kimball ......... dollars, $50. payable August 9, 1902, and $50. every two months thereafter until note is paid," and having $385. written in the upper left hand corner, is a note for $385. payable as indicated.

In trover for the conversion of property described in a lien note it is immaterial that a third person had given plaintiff a chattel mortgage upon other property, and had stated in the mortgage

that he had purchased the property described in the lien note; that the mortgage was given as additional security for the payment of that note, and in consideration of the plaintiff's forbearing to take possession of, and foreclose on, the property described in the note.

TROVER to recover the value of horses. Plea, not guilty. Trial by jury at the June Term, 1903, Orange County, *Munson*, J., presiding. Verdict ordered for the plaintiff. Judgment on verdict. The defendant excepted.

The exceptions state that, "it was conceded by the parties that the horses were at the time of the alleged conversion of the value of $300; that the interest to date of trial would be $8.00 in addition; that there was proper demand and refusal before the suit was begun; that the defendant admitted the conversion of the property, provided the plaintiff made out a proper and legal title thereto; that the defendant had no actual notice of any lien or claim upon the property on the part of the plaintiff at the time of the purchase of the horses by the defendant, and that the only notice he then had was the notice which the record of the town clerk of Waterford showed; that the defendant paid full value for the horses before he had any actual notice of any lien on the property; that the note was properly recorded in the town clerk's office within the statutory period of thirty days."

The defendant claimed that the whole case showed that the plaintiff could not maintain the action, and asked that he be nonsuited. The court overruled this objection, to which the defendant excepted. The defendant claimed that the so-called conditional sale showed that if any sum was due, it was only $100, and if such was the law, then the County Court had no jurisdiction. The court held to the contrary, to which ruling the defendant excepted.

Upon the undisputed facts as stated, the court held that the defendant was liable, as matter of law, for the sum of $308, and ordered a verdict for that sum, and rendered judgment upon said verdict, to which rulings and judgment the defendant excepted.

*H. A. Farnham* and *May & Simonds* for the defendant.

The note in question is a note either for $50 or $100, and its construction is a matter of law for the court, and parol evidence was incompetent. *Witty* v. *Mich., etc. Ins. Co.,* 8 L. R. A. 365; *Ives* v. *Bank,* 84 Mass. 236; *Nugent* v. *Roland,* 12 Martin (La.) 659; *Corgan* v. *Frew,* 39 Ill. 31; *Norwich Bank* v. *Hyde,* 13 Conn. 279.

This being a note for either $50 or $100, the County Court had no jurisdiction. *Jeffers* v. *Pease et al.,* 73 Vt. 215; *Clark* v. *Stoughton,* 18 Vt. 50; *Com.* v. *Bailey,* 2 Am. Dec. 3.

*Smith & Smith* for the plaintiff.

It is not necessary that the instrument should contain any marginal figures, provided that the amount payable is properly expressed at length in words in the body, and in that case the words control, and the marginal figures are not a part of the instrument. *Garrard* v. *Lewis,* 10 Q. B., Div. 30; 37 Eng. Rep. 375; Story, Bills, par. 42; Chitty, Bills, p. 170; Daniel, Neg. Ins. § 86; Addison, Contracts, § 224; *Sanderson* v. *Piper,* 5 Bing. N. C. 425; 35 Eng. C. L. R. 162; *Payne* v. *Clark,* 19 Mo. 152; *Mears v. Graham,* 8 Blackf. 144.

But where there is an imperfection or omission in the statement of the amount in the body of the instrument, that imperfection or omission is aided by the figures in the margin. Chitty, Bills, pp. 170, 182; Daniel, Neg. Ins., § 86, notes 5 and 6; *Rex* v. *Elliott,* 2 East's P. C., 951; *Hutley* v. *Mar-*

*shall,* 56 L. T., N. S. 186; *Sweetzer* v. *French,* 13 Metcalf, 262; *Petty* v. *Fleispel,* 31 Tex. 169; *Corgan,* v. *Frew,* 39 Ill. 31; *Coolbroth* v. *Purinton,* 29 Me. 469; *Wittey* v. *Mich. Mut. Life Ins. Co.,* 123 Ind. 411; *Hubert* v. *Grady,* 59 Tex. 503; *Strickland* v. *Holbrook,* 75 Cal. 268; *Wittey* v. *Life Ins. Co., supra.*

The effect of the written contract is to be collected from all within the four corners of the instrument. Chitty, Cont. p. 83; *Warrington* v. *Early,* 2 El. & Bl. 763; Daniel, Neg. Inst. § 149.

When it is apparent on the face of a written instrument that a mere clerical error has been made therein the courts will correct such error by construction. *Weed* v. *Abbott,* 51 Vt. 609; *Richmond* v. *Woodard,* 32 Vt. 833; *Wood* v. *Cochrane,* 39 Vt. 544; *Gray* v. *Clark,* 11 Vt. 583; *Thrall* v. *Newell,* 19 Vt. 202.

TYLER, J. This action is trover for the conversion of two horses. The defendant admitted the conversion, provided the plaintiff had a legal title to the property.

It appeared that the plaintiff had made a conditional sale of the horses to one Lawrence, and in proof of a lien reserved he introduced in evidence, subject to the defendant's exception, a memorandum of the sale with a certificate of the town clerk that it had been duly recorded. It reads:

"$385.                          NEWBURY, VT., June 9, 1902.

Lien Note.

For value received, I hereby promise to pay F. E. Kimball or order the sum of F. E. Kimball —— dollars, $50 payable August 9, 1902, and $50 every two months thereafter until note is paid, with interest annually, payable at the National Bank of Newbury, Wells River, Vt.

This note is given for one chest mare and one chest horse, one Ryan wagon, and four harnesses known as the Lowd harnesses, and one pole known as the Ryan pole, this day conditionally sold and delivered by F. E. Kimball to me, and said property is to be and remain the property of the said F. E. Kimball until said note is fully paid.

V. V. LAWRENCE."

The defendant afterwards bought the horses of Lawrence and paid their full value, with no other notice of the lien than what appeared by the record.

V. S. 2290 provides that no lien reserved on personal property sold conditionally and passing into the hands of the conditional purchaser shall be valid against attaching creditors or subsequent purchasers, unless the vendor of such property takes a written memorandum, signed by the purchaser, witnessing such lien, and the sum due thereon, and causes it to be recorded, etc.

The only question in the case is whether the writing signed by Lawrence was a sufficient memorandum to meet the requirements of the statute.

The writing of the name, "F. E. Kimball," after the words, "the sum of," was clearly a clerical error, and the name in that place should be read out of the note. The question then is whether the figures, "$385," in the margin can be employed to give an interpretation to the note, which, upon its face, does not contain a promise to pay any definite sum, except $50, which evidently was the first installment of the principal. Can the marginal figures be resorted to for the purpose of ascertaining the principal?

The authorities are not fully in accord in respect to the use of marginal figures in interpreting the body of the note. Where the note is written in plain, unambiguous terms these

figures have no use other than convenience of reference, which was the primary purpose in placing them upon the note. In some jurisdictions it is held that the figures form no part of the note. *Bank* v. *Hyde,* 13 Conn. 279; *Smith* v. *Smith,* 1 R.I. 398; 53 Am. Dec. 652; 4 Enc. of Law, 130 and notes. It was held in *Prim & Kimball* v. *Hammel,* 134 Ala. 652; 92 Am. St. R. 52, that the alteration of the marginal figures was not a material alteration of the note for the reason that they were not a part of the instrument.

It is well settled that when there is a variance between the amount expressed in words and the marginal figures, the words must control.

In *Sweetser* v. *French,* 13 Metc. 262, the promise was "to pay three hundred" and there being in the margin "$300," the note was held good for that sum. In *Witty* v. *Mich. Mut. Life Ins. Co.,* 123 Ind. 411; 18 Am. St. R. 327, the number of dollars was left blank in the body of the note, but "$147.-70" appearing in figures in the margin, it was held that they should be taken as the amount intended to be paid. In the same direction are *Petty* v. *Fleishel & Smith,* 31 Tex. 169; 98 Am. Dec. 524, and *Corgan* v. *Frew,* 39 Ill. 31; 89 Am. Dec. 286.

Other cases hold that everything appearing upon a promissory note at the time of its delivery is to be regarded as a part of the note. *Bank* v. *Freency,* 12 So. Dak. 156; 76 Am. St. R. 594 and notes.

It cannot be maintained that, inasmuch as one sum of $50 and perhaps two sums of that amount are described in the body of the note as definite sums to be paid, they are to control and cannot be changed by the figures in the margin. The $50 payments are clearly installments of a principal sum that is not described in the body of the note, and the same rule

should apply as in cases where the sum to be paid is left entirely blank.

While the authorities differ about filling the blank with the amount indicated by the marginal figures, the weight of authority favors it.    It is concisely stated in the note to *Witty* v. *Mich. Mut. Life Ins. Co.* as follows: "Notes should express the sum for which they are given in the body of the instrument; but an omission of the sum will not be fatal or render the note invalid if the true amount can be gathered from other parts of the writing.  * * *  A defect existing in the amount stated in the body of the note, the figures upon the margin may be referred to for the purpose of removing any ambiguity, or even to supply the amount, which has been wholly omitted in the body of the instrument." Mr. Freeman, however, admits that there are authorities that refuse to adopt this rule.

Daniel on Neg. Instr., 5th ed. § 86, as to the sums payable in promissory notes, says in substance, that it is usually specified in figures in the upper, or lower, left hand corner of the instrument, as well as in writing in the body of it; that these marginal figures are really not a part of the instrument, but merely a memorandum of the amount; that the marginal figures were probably added at a very early date in order that the amount of the bill might strike the eye immediately, and was in fact a note, index or summary of the contents of the bill which followed.  Quoting directly from this section: "Where a difference appears between the words and figures, evidence cannot be received to explain it; but the words in the body of the paper must control; and if there is a difference between printed and written words, the written must control.  If the words are so obscurely written or printed as to be indistinct, the figures in the margin may be referred

to to explain them. If by inadvertence the amount is expressed in figures only, it will suffice."

The words, three hundred and eighty-five dollars, should be read into the body of the note. The defendant had no right to understand that $50 or $100 was all there was to be paid. The figures in the margin were notice to him of the amount for which the note was given. The judgment below for three hundred dollars, the value of the horses at the time of the conversion, was correct.

On Nov. 6, 1902, Orvill V. Lawrence, a son of the maker of the lien note, gave the plaintiff a chattel mortgage upon *other* property, and stated in the mortgage that he had purchased the property described in the lien note; that the mortgage was given as additional security for the payment of that note and in consideration of the plaintiff's forbearing to take possession of and foreclose on the property described in the note for the space of one week thereafter. The plaintiff's taking this mortgage did not affect his prior lien and was an immaterial fact in the case.

*Judgment affirmed.*