# Richmond.

## CHESTNUT v. CHESTNUT.

### November 23, 1905.

1. NEGOTIABLE INSTRUMENTS—*Blank as to Amount—How Filled—Incompleteness.*—Where a blank in the body of a negotiable note for the amount thereof is left unfilled, the instrument is incomplete, and there can be no recovery on it; but it is not invalid simply because incomplete. It creates certain rights and obligations, and, when properly filled up by a *bona fide* holder, may be enforced at law, or, if left blank by mistake, the mistake may be corrected in equity.

2. NEGOTIABLE INSTRUMENTS—*Blank as to Amount—Amount in Margin—Use of Margin.*—The amount for which a negotiable note is made out must be clearly expressed in the note, and if the blank for the amount in the body of a note be left unfilled, its place cannot be supplied from the margin whether written out in full or expressed in figures. The margin may be used to remove an ambiguity in the body of the note, or to clear up a doubt, but not to supply a blank.

3. NEGOTIABLE INSTRUMENTS—*Blank as to Amount—Use in Evidence—How Blank Filled.*—Where the amount of a negotiable note is expressed in the margin but not in the body of the note, the note cannot be used in evidence to support an averment in the declaration of the making of a note for the sum stated in the margin, but the delivery of such a note is generally authority to a *bona fide* holder to fill the blank for the true amount due not exceeding the amount stated in the margin, and if the plaintiff, who is the payee of the note, has not lost the right by unreasonable delay or otherwise, he may, in the absence of evidence that the blank was left by mistake, fill the blank in the body of the note with the amount agreed on with the maker, and so make the note conform to the averments of his declaration.

4. Pleading—*Proof of Handwriting—Affidavit.*—Where the declaration alleges that the defendant made the note sued on, the defendant cannot deny the execution of the note unless his plea is accompanied by an affidavit putting that fact in issue. Code, sec. 3279.

5. Pleading—*Grounds of Defense—Insufficient Statement.*—If a defendant's grounds of defense, when called for, are not sufficient, the court should require a further and sufficient statement to be filed, and if not furnished to exclude evidence of any matter not described in the grounds of defense, or plea, so plainly as to give the plaintiff notice of its character. Code, sec. 3249.

Error to a judgment of the Circuit Court of Highland county, in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Braxton & McCoy, J. W. Stephenson* and *C. P. Jones & Son,* for the plaintiff in error.

*J. B. Stephenson,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

Several errors are assigned in the petition for the writ of error, but the principal one is to the action of the court in permitting the plaintiff to offer in evidence a paper of which the following is a copy:

"Monterey, Va., June 6, 1892.

"$1,800. Eighteen hundred dollars.

"Three months after date......promise to pay to the order of J. A. Chestnut ...................................dollars, negotiable and payable at the Highland County Bank, Monterey, Va.

Homestead and all other exemptions waived by the maker and each endorser.

Value received.

No..... Due..............

"Nancy J. Chestnut."

The objection made to its admissibility is that it is not, as alleged, a promissory note, and in its present form does not evidence a promise to pay or create any liability on the defendant.

The propriety of the court's ruling depends upon the question, whether or not the figures and words in the margin of a note fix the amount for which the note was intended to be given, where no amount has been inserted in the blank left for it in the body of the note. Upon this question the decisions of the courts are not in accord, though the weight of authority, and the better reason, seem to be in favor of the view that the sum named in the margin is generally the limit of the amount with which a *bona fide* holder may fill up the blank, but until so filled the instrument is incomplete, and no recovery can be had upon it. See Daniel on Neg. Instr., ss. 86, 86a, and 143; 8 Am. & Eng. Ency. Law (2nd Ed.), 130, and cases cited; 7 Cyc., 593-4 and cases cited; *Garrard* v. *Lewis,* 10 Queen's Bench Div. 30; *Norwich Bk.* v. *Hyde,* 13 Conn. 281; *Patton* v. *Shanklin,* 5 B. Monroe 15; *Hollen* v. *Davis,* 59 Ia. 444, 13 N. W. 413, 44 Am. Rep. 688; *Edwards* v. *Ramsey* (Minn.), 14 N. W. 272; *Schryver* v. *Hawkes,* 22 Ohio St. 308, 315.

The reason for this rule of construction is that one of the essential requisites of a bill or note is that the amount for which it is made must be clearly expressed in the instrument, and as the marginal figures are not generally regarded as a part of it, but are intended as a convenient index, and as an aid to remove ambiguity or doubt in the instrument itself, they cannot supply the omission to insert the amount in the body of the instrument where a blank has been left for that purpose. The blank in such an instrument is presumably intended to be filled with something, and until that something has been added the instrument is not complete. It is not invalid simply because it is incomplete. It creates certain rights and obligations, and when properly filled up by a *bona fide* holder may be enforced

at law, or, if left blank by mistake, in equity.   See *Garrard* v. *Lewis, supra; Norwich Bk.* v. *Hdye, supra; Frank, &c.* v. *Lilienfeld, &c.,* 33 Gratt. 377, 383-387; *Orrick* v. *Colston,* 7 Gratt. 189.

The fact that the amount in the margin of the note in this case is expressed in words as well as figures cannot, as it seems to us, affect the question.   The refusal of the courts to allow the amount of a note or bill to be supplied from the margin where there is a blank left for the amount in the body of the instrument, is not because the amount in the margin is expressed in figures, but because it is in the margin and not in the body of the instrument.

In the case of *The Norwich Bank* v. *Hyde, supra,* which is a leading case on the subject, the question involved was substantially the same as in this case, both as to the defect in the note and the manner in which the objection to it was raised.   The note in that case was as follows:

"Norwich, Ct., Feb. 6, 1837.

"$200.

"Sixty days after date, for value received, I promise to pay to the order of Amos D. Allen .............. dollars, at the Quinebaug Bank.

"OLIVER ALLEN."

"It is a well settled principal," said the court in that case, "that no precise form of words is necessary to constitute a note or bill of exchange; yet all the authorities agree that the sum must be specified so that it may be definitely known what sum was intended.   Indeed it seems to be the first principle, that the sum to be paid must be clearly and intelligibly expressed. Chit. on Bills, part 1, ch. 3, § 11; Beawes L. M., § 193. Does this note then clearly and intelligibly import a promise to pay 200 dollars, or does it appear to be an imperfect instrument?

"The question upon this declaration is not whether this may not properly be made a valid instrument, but whether in its present shape it is precisely what it would have been had it been filled up in the usual manner? If we so hold, what becomes of the rule above stated, that the sum must be clearly and intelligibly stated in the body of the instrument? Would not its appearance tend to impede its currency and clog its circulation? It certainly would be a very loose mode of doing business in cases which seem to require great accuracy, and one to which we cannot assent unless we find it settled by authority."

Upon a review of the authorities, the court reached the conclusion that the aid which the margin is to give in construing a note or bill, is to remove an ambiguity in the body of the note, or to clear up a doubt; not to supply a blank.

How the margin will assist in removing a doubt as to the meaning of the body of the instrument, is illustrated in *Elliot's Case,* Leach's C. L. 183. In that case the body of the note was for fifty . . . . ;" in the margin "£50." The court supplied · the word "pounds" from the margin.

In other cases, where there was no sum in the margin to aid, the courts have supplied an omitted word where it was clear from other parts of the instrument what the omitted word was. This is illustrated by the decision of this court in *Harman* v. *Howe,* 27 Gratt. 676, where the sum to be paid was stated as "seven hundred and seventy-six in lawful money of Virginia." The court supplied the word "dollars," because it was clear, as was said by Judge Moncure in delivering the opinion of the court, from the context of the bond sued on what the omitted word was.

It does not follow, however, because the blank for the amount of a bill or note has not been filled up, that a *bona fide* holder shall lose the debt which such instrument was intended to evidence, or be deprived of his security. If the blank was left unfilled by mistake, a court of equity may correct the mistake. Generally, any *bona fide* holder of a bill or note signed in blank

has authority to fill the blank with any sum not exceeding the limitation in the margin which the transaction between him and the person from whom he received it will warrant. *Norwich Bk.* v. *Hyde, supra; Garrard* v. *Lewis, supra;* 7 Cyc., 593-4; 4 Am. & Eng. Ency. L. (2nd Ed.), 130-1; *Frank, &c.,* v. *Lilienfeld,* 33 Gratt. 377, 383.

In *Frank, &c.,* v. *Lilienfeld,* 33 Gratt. 377, 383, this court held, that where a party to a negotiable note intrusts it to the custody of another with blanks not filled up, whether it be for the purpose of accommodating the person to whom it was intrusted, or to be used for his own benefit, such negotiable instrument carries on its own face an implied authority to fill up the blanks and perfect the instrument.

In the absence of evidence that the blank in the paper sued on in this case was the result of a mistake, the presumption is that the payee, who is still the holder thereof, had the right to fill up the blank with any amount agreed upon between him and the maker, and that right still exists, unless its exercise, in the opinion of the jury upon all the facts and circumstances of the case, has been unreasonably delayed. The plaintiff would, therefore, seem to have in his hands, as was said in *The Norwich Bank* v. *Hyde, supra,* the materials to make his note and declaration correspond; although, in the present state of the note, he might as well attempt to prove his case "by introducing the bare name of the maker upon one side of a paper, and that of the defendant on the other. And yet, in that case, upon well settled principles, a *bona fide* holder might fill up such a paper so as to shape it to the case; the rule being that where a man gives his name in blank it is a letter of credit for an indefinite amount. *Russel* v. *Langstaffe,* Doug. 514; *Mitchell* v. *Culver,* 7 Cowan. 336." *Frank, &c.,* v. *Lilienfeld, supra.*

Thus we see that the objection to the note when offered in evidence ought to have been sustained, since it did not corre-

spond with the note declared on. But we further see that it may be in the power of the plaintiff to make it such as he has described it to be in his declaration, so as to render it admissible in evidence.

Another assignment of error is to the action of the court in refusing to permit the defendant to testify that the note sued on was signed in blank; the purpose for which it was signed; the amount to be inserted in the blank; that she did not execute any note to the plaintiff for $1,800; and that she was not indebted to him at the date of the note.

The bill of exception does not show upon what ground the evidence was objected to by the plaintiff or held inadmissible by the court. The plaintiff's contention here is that the defendant had no right to prove that she did not execute the note because no affidavit was filed with her plea of non-assumpsit denying that she had made the note, in order to put that question in issue as required by section 3279 of the Code; and that the other evidence rejected was not admissible because the matters sought to be established by it were not so plainly described in the statement of her grounds of defense as to give the plaintiff notice of their character, as required by section 3249 of the Code.

In the absence of the affidavit provided for by section 3279 of the Code, the court was clearly right in refusing to permit the defendant to prove that she did not make the note declared on. Neither was the defendant's statement of her other grounds of defense sufficient. It gave the plaintiff no more notice of her defense than the plea of non assumpsit. But the court, when that statement was objected to by the plaintiff, ought to have required a further and sufficient statement to be filed, and if such statement was not furnished, to have excluded evidence of any matter not described in the grounds of defense so plainly as to give the plaintiff notice of its character. But instead of requiring such statement, the court overruled the plaintiff's motion, thereby impliedly holding that the statement objected to was sufficient.

The proper practice as to filing bills of particulars and statements of grounds of defense was discussed, Judge Riely delivering the opinion of the court, in the case of *Columbia Accident Association* v. *Rockey,* 93 Va., 678, 683, 25 S. E. 1009. By following the practice pointed out in that case in the next trial, the error complained of will be avoided.

Other errors are assigned, but as they are not likely to occur upon the next trial, it is unnecessary to consider them.

The judgment must be reversed because of the erroneous admission in evidence of the note sued on in its then incomplete condition, the verdict of the jury set aside, and the cause remanded for a new trial.

*Reversed.*