### 7337.  LOVE *v.* PERRY.

1. All the terms of the agreement between the parties appear, by the terms of the written contract, to have been integrated therein; and since by its express terms it warranted nothing except the title to the property sold, parol contemporaneous representations at variance therewith could not be set up by way of defense.
2. A note payable generally "after date," and not otherwise expressing any time for payment, is payable on demand, and therefore due immediately, and bears interest from date.

3. Ordinarily, there can not be a recovery on a promissory note in which a blank for the amount is left in the body of the instrument, though an amount appears in figures in the margin of the paper.

(a) However, where a note of this kind which is otherwise an unconditional promise to pay is made the basis of a suit for a specified amount, and the defendant by his plea under oath admits the execution of the instrument, and that the obligation thereof was to pay the exact sum sued for, a judge of the superior court, in the absence of an issuable defense under oath, would be authorized to render judgment as upon an unconditional contract in writing.

DECIDED DECEMBER 12, 1916.

Complaint; from Irwin superior court—Judge Graham presiding. January 26, 1916.

*Quincey & Rice,* for plaintiff in error.

*McDonald & Bennett,* contra.

WADE, C. J. The note sued on was for the purchase-price of a horse, and expressly excluded any warranty by the vendor as to the age, health, life, or soundness of the property therein described, and further provided that, except the warranty of title, "no other warranty shall be implied as against the vendor." The court, therefore, did not err in striking the plea which attempted to set up the defense that the horse which was the consideration of the note did not measure up to the parol representations made by the seller at the time of the sale. All such representations were necessarily merged into the written contract, which expressly negatived by its terms the existence of any warranties whatever as to the age or soundness of the animal sold and as to its suitability for the purposes intended by the defendant.

The note sued upon bears date April 14, 1914, and stipulates that "———— after date, I, we, or either of us, whether maker, security or endorser, jointly and severally, promise to pay to J. L. Perry or order————dollars, value received, with interest from date at eight per cent. per annum until paid. This note is given for the purchase-price of the following property, this day purchased from J. L. Perry," describing the property. In the upper left-hand margin of the instrument the figures "$90" appear, and nowhere else in the instrument is there any reference to the amount contracted to be paid. The general rule appears to be that figures on the margin of a promissory note will not authorize a recovery thereon, if the amount is left blank in the body of the instrument. "The fact that an amount is stated in the margin of

a'note, both in words and figures, does not dispense with the necessity of expressing clearly in the instrument the amount for which it is made, and though the figures are in the margin of the paper, so long as the amount is left blank in the body of the instrument, there can be no recovery thereon." 1 Daniel on Negotiable Instruments (6th ed.), 132. While marginal figures may be referred to for the purpose of removing the ambiguity, where the amount contracted to be paid is defectively stated in the body of an instrument,-"the weight of authority . . seems to be in favor of the view that the sum named in the margin is generally the limit of the amount with which a bona fide holder may fill up the blank; and that until so filled the instrument is incomplete, and no recovery can be had upon it. The reason for this rule is that one of the essential requisites of a bill or note is that the amount for which it is made must clearly be expressed in the instrument, and, as the marginal figures are not generally regarded as a part of it, but are intended as a convenient index, and as an aid to remove ambiguity or doubt in the instrument itself, they can not supply the omission to insert the amount in the body of the instrument, where a blank has been left for that purpose. The blank in such an instrument is presumably intended to be filled with something, and, until that something has been added, the instrument is not complete. It is not invalid simply because it is incomplete. It creates certain rights and obligations, and, when properly filled up by a bona fide holder, may be enforced at law, or, if left blank by mistake, in equity." 3 R. C. L. 893, 894, § 80. See also Hollen *v.* Davis, 59 Iowa, 444 (13 N. W. 413, 44 Am. R. 688, and note); Chestnut *v.* Chestnut, 104 Va. 539 (52 S. E. 348, 7 Ann. Cas. 802, 2 L. R. A. (N. S.) 879; 1 Ann. Cas. 612, note). However, the view that a note is complete on its face where the amount is named in figures in the margin, although a blank for the amount is left in the body of the instrument, is supported by the decision in the case of Witty *v.* Michigan Mut. L. Ins. Co. 123 Ind. 411 (8 L. R. A. 365, 18 Am. St. Rep. 327, 24 N. E. 141).

An application of the more general rule, recognized above, would require a reversal of the judgment of the lower court, if the record did not disclose a state of facts which, under the rules of pleading in this State, operates, in our opinion, to cure the defect

in the note sued upon. The petition filed by the plaintiff alleged that "on April 14, 1914, J. R. Love executed and delivered to your petitioner his certain promissory note, wherein he promised on October 15, 1914, to pay your petitioner the sum of $90, with interest from the date thereof at the rate of eight per cent. per annum. A copy of said note is hereto attached, marked 'Exhibit A,' and made a part hereof." The petition contained other necessary allegations, and attached to it was the copy of a note, dated as alleged in the paragraph here quoted, but with blanks for the amount and the time after date when the note would mature, and with the figures $90 in the margin, and stating that it was given for the purchase-price of a certain horse about 7 years old and 15 hands high, weighing about 900 pounds, named Dan. The law of this State requires that all suits in the superior courts for legal or equitable relief, and likewise all suits at law in the city courts, shall be by petition, and that all such petitions shall set forth the cause of action in orderly distinct paragraphs, numbered consecutively, "and any averment distinctly and plainly made therein, which is not denied by the defendant's answer, shall be taken as prima facie true, unless the defendant states in his answer that he can neither admit nor deny such averment because of the want of sufficient information." Civil Code, § 5539. The defendant in his answer did not deny the averment in the first paragraph of the petition, that on April 14, 1914, he executed and delivered to the plaintiff his promissory note, whereby he undertook to pay to said plaintiff the sum of $90 on October 15, 1914, with interest from date at the rate of eight per cent. per annum, as the purchase-money for the horse described in the note attached to the petition; nor did he deny the statement in the same paragraph that the copy-note attached to the petition was a copy of the note actually executed by him. To the contrary, he expressly "admits the allegations contained in paragraph one of plaintiff's petition." Therefore, in the state of the pleadings, it is apparent that recourse to the figures in the margin of the note was not necessary to authorize the rendition of a judgment in favor of the plaintiff for the full amount of the note sued upon, together with interest.

The note contained an unconditional promise to pay some amount "after date." It was held in *Hotel Lanier Co.* v. *Johnson*,

103 *Ga.* 604 (30 S. E. 558), that "A promissory note payable generally 'after date' and not otherwise expressing any time for payment is payable on demand; and therefore, under section 3700 of the Civil Code [Code of 1910, § 4292], due immediately." See also *Exchange Bank of Oakfield* v. *Odum,* 19 *Ga. App.* 52 (90 S. E. 977). Interest therefore was apparently due from the date of this note, and the defendant, by the express statement in his plea, admitted that interest did in fact run at eight per cent. from that date. The note was upon its face unconditional, and when the defendant came into court and by his solemn plea admitted the allegation made by the plaintiff, that the note was given for the sum of $90, this admission supplied the only element which upon its face appeared to be lacking from the written evidence of the contract. To express the matter otherwise, the defendant gave an unconditional promise to pay *some* amount, and when this promise was sued upon and the plaintiff alleged in the suit that the amount was $90, the defendant filed his plea under oath, in which he expressly admitted the making of the contract, and that the amount recoverable thereunder was $90, with interest thereon from date at eight per cent. per annum. Clearly the court rendered judgment on an unconditional contract, the amount of which was supplied by the allegations in the petition and the admissions of the defendant. As was said in the quotation from Ruling Case Law, supra, "the blank in such an instrument is presumably intended to be filled with something, and, until that something has been added, the instrument is not complete. It is not invalid simply because it is incomplete. It creates certain rights and obligations, and, when properly filled up by a bona fide holder, may be enforced at law, or, if left blank by mistake, in equity." Here no demurrer was interposed because of the apparent insufficiency of the note or its incompleteness, no plea of non est factum was filed, but the defendant came into court and openly acknowledged under oath that he had made and executed the note, and that the amount he had contracted thereby to pay was the amount sued for by the plaintiff. It appears to us that the omission to fill in the amount of the note was thus supplied, or the blank left by mistake was thus filled, and that upon the pleadings the court was authorized to hold that the contract was an unconditional contract for the sum sued for, and to render judgment

therefor, and that no other proceeding was necessary to make the contract complete or to correct the mistake made in its execution. The court, in our opinion, did not err in striking the answer of the defendant, as it set up no issuable defense under oath, and did not err in thereafter rendering the judgment complained of.

*Judgment affirmed. Hodges, J., absent.*