[No. 18178.    Department One.    December 7, 1923.]

CITIZENS BANK OF GEORGETOWN et al., Appellants, v. ISABELLA JONES, Respondent.[1]

BILLS AND NOTES (34)—NEGOTIABILITY—STATUTORY PROVISIONS— CERTAINTY AS TO AMOUNT. Rem. Comp. Stat., § 3392, requiring that a negotiable instrument must contain an unconditional promise to pay a sum certain in money, and Id., § 3443, providing that, to be a holder in due course, the instrument must be complete and regular on its face, are but restatements of the law merchant; and thereunder a promissory note in which the principal sum to be paid appears only in figures at the head or in the margin, and is omitted from the body of the note, the blank space for the number of "Dollars" not being filled, is a negotiable instrument, being for a sum certain, and complete and regular on its face.

Appeal from a judgment of the superior court for King county, Truax, J., entered June 26, 1923, upon

[1]Reported in 220 Pac. 787.

findings in favor of the defendant, in an action on a promissory note, tried to the court. Reversed.

*Tennant & Twitchell,* for appellants.

*H. E. Foster,* for respondent.

MACKINTOSH, J.—The findings of fact show that the respondent executed this instrument:

## I.

"$5,000.00.                          Seattle, Wash.

"On or before 3 years after date without grace I promise to pay to the order of G. W. Gregory——— Dollars in Gold Coin of the United States of America, of the present standard value, with interest thereon in like Gold Coin at the rate of 6 percent per annum from maturity until paid, for value received. Interest to be paid semi-annually, and if not so paid, the whole sum of both principal and interest to become immediately due and collectible at the option of the holder of this note. And in case suit or action is instituted to collect this note or any portion thereof, I promise and agree to pay in addition to the costs and disbursements provided by statute, a reasonable sum of dollars in like Gold Coin for attorney's fees in said suit or action. "Due April 3, 1922
at 6528 30th NE.          (Signed) Isabella Jones."

The findings further show that:

## II.

"On the back or reverse side of said document appeared a writing purporting to be an indorsement by G. W. Gregory to the Citizens State Bank of Georgetown."

## III.

"Counsel for plaintiffs called defendant Isabella Jones to the witness stand with the evident intent and purpose of proving by the defendant that her signature was appended to the document as maker thereof, whereupon defendant's attorney announced that de-

fendant would admit having signed the document in question.''

The court's conclusions of law were:

## I.

''That the figures '$5,000.00' appearing in the margin of said document do not constitute any part of the instrument itself but is merely a memorandum.''

## II.

''That said instrument is not negotiable, pursuant to section 3392 of Remington's Compiled Statutes of Washington, in that it does not contain an unconditional promise or order to pay a sum certain in money.''

## III.

''That plaintiff cannot be deemed a holder in due course pursuant to Section 3443 of Remington's Compiled Statutes of Washington because said instrument is not complete and regular upon its face, and for the further reason that upon an examination of the instrument it cannot be said that any person taking the same 'had no notice of any infirmity in the instrument or defect in the title of the person negotiating it'.''

## IV.

''That the instrument in question is not a promissory note in any sum and is not negotiable and plaintiff cannot be a holder thereof in due course for value.''

## V.

''That said action should be dismissed, defendant to recover costs.''

We have to consider whether the findings of fact support the judgment following the above conclusions of law. The question is, whether the instrument before us is negotiable, complete and regular upon its face.

Section 3392, Rem. Comp. Stat. [P. C. § 4173], of the negotiable instruments act, as far as material here, reads:

"An instrument to be negotiable must conform to the following requirements. . . .

"2. Must contain an unconditional promise or order to pay a sum certain in money."

Section 3443, Rem. Comp. Stat. [P. C. § 4123], of the same act is:

"A holder in due course is a holder who has taken the instrument under the following conditions:—

"1. That it is complete and regular upon its face; . . ."

This appears to be the first time that this question has ever been presented to this court, but we find that it has been before courts of various states and that the decisions are not harmonious.

The quoted portions of §§ 3392 and 3443 above are but restatements of the law merchant, and the decisions of other courts under the law merchant are therefore as persuasive as those decided under the uniform negotiable instruments act.

The courts of California, Illinois, Indiana, Massachusetts, Maine, Ohio, Pennsylvania, Tennessee, Texas and Vermont in the following opinions; *Strickland v. Holbrooke,* 75 Cal. 268, 17 Pac. 204; *Corgan v. Frew* 39 Ill. 31; *Witty v. Michigan Mutual Life Ins. Co.,* 123 Ind. 411, 24 N. E. 141, 18 Am. St. 327, 8 L. R. A. 365; *Sweetser v. French,* 13 Metc. (Mass.) 262; *Coolbroth v. Purinton,* 29 Me. 469; *McCoy v. Gilmore,* 7 Ohio St. 268; *Williamson v. Smith & Walker,* 1 Coldwell (Tenn.) 1; *Weaver's Administrator v. Paul,* 4 Pa. Dist. R. 492; *Petty v. Fleishel & Smith,* 31 Tex. 169, and *Kimball v. Costa,* 76 Vt. 289, 56 Atl. 1009, 104 Am. St. 937, have held that such instruments

as the one here are negotiable, complete and regular; while the courts of Alabama, Connecticut, Florida, Iowa, Rhode Island and Virginia in the following cases: *Prim & Kimball v. Hammel,* 134 Ala. 652, 32 South. 1006, 92 Am. St. 52; *Norwich Bank v. Hyde,* 13 Conn. 279; *Vinson v. Palmer,* 45 Fla. 630, 34 South. 276; *Hollen v. Davis,* 59 Iowa 444, 13 N. W. 413, 44 Am. Rep. 688; *Smith v. Smith,* 1 R. I. 398, and *Chestnut v. Chestnut,* 104 Va. 539, 52 S. E. 348, 2 L. R. A. (N. S.) 879, have held directly to the contrary.

The reason for the holding in the first line of authorities is as well expressed by the supreme court of Indiana, in *Witty v. Michigan Mutual Life Ins. Co., supra,* as in any decision which we have examined, and the following quotation seems to cover the matter:

"By the very terms of the instrument the appellant obligates himself to pay to the appellee 'dollars,' and it is expressly recited that this promise rests upon a valuable consideration. No one can read the writing without at once coming to the conclusion that the appellant intended to obligate himself to the appellee for the payment of some definite amount of money, and that the appellee understood that it was receiving such an obligation.

"Though there may be some formal imperfections in a written obligation or contract which parties have entered into, if it contains matter sufficient to enable the court to ascertain the terms and conditions of the obligation or contract to which the parties intend to bind themselves, it is sufficient. In the language of Lord Campbell, in *Warrington v. Early,* 2 Ellis & Bl. 763, 'the effect of a written contract is to be collected from all within the four corners of the document', and no part of what appears there is to be excluded. We can imagine no good reason why the marginal figures upon the writing in question should be disregarded.

"We know as a part of the commercial history of the country that the universal practice has been for a period so long, that the memory of man runneth not to

the contrary, to represent by superscription in figures upon all obligations for the payment of money the amount or sum which is written in the body of the instrument. The superscription is always intended to represent the amount found in the body of the instrument, and not a different amount; If, therefore, an obligation is found where there is a promise to pay 'dollars,' but the *number* of *dollars* in the body of the instrument is blank, and the margin of the instrument is found to contain a superscription which states the number of dollars, why, in view of the usuage or custom which has so long prevailed, should the body of the instrument not be aided by the superscription? We think, in such a case, the figures found in the margin should be taken as the amount which the obligor intended to obligate himself to pay, and the obligation enforced accordingly.''

Not only the majority of the courts which have considered this question seem to have decided in favor of the appellant's contention, but the better reasoning, in our judgment, being also on that side, we deem it proper to follow that line of authority.

One or two minor questions are raised by the briefs which we deem it unnecessary to pass upon, in view of the conclusion we have reached on the more important one.

The action of the trial court is reversed and the cause remanded with instructions to enter judgment for the appellant.

MAIN, C. J., PARKER, HOLCOMB, and TOLMAN, JJ., concur.