28952, 28955. HOGAN, administrator, *v.* BROGDON, administrator; and *vice versa.*

DECIDED APRIL 21, 1941.

*J. H. Paschall, Ronald Chance, W. E. & W. G. Mann,* for plaintiff.

*W. T. Maddox, Matthews, Owens & Maddox, J. G. B. Erwin,* for defendant.

FELTON, J. F. H. Hogan as administrator of the estate of W. J. Hogan, deceased, sued H. C. Brogdon as administrator of the estate of F. M. Hogan, on a mortgage note, the material parts of which are as follows: "$1900.00. Dalton, Georgia, Jany. 6, 1910. For value received, one day after date I promise to pay to the order of W. J. Hogan ———— dollars at the Bank of C. L. Hardwick & Co., Dalton, Georgia, with 6% interest after due." The defendant filed a special demurrer, one ground of which was that

the note did not promise to pay a sum certain in the body of the note. This demurrer was overruled. After introduction of evidence the court granted a nonsuit on motion. The plaintiff excepted to that ruling, and by cross-bill of exceptions the defendant assigned error on the overruling of his demurrer. For the purposes of this decision it is necessary to consider only the propriety of overruling the demurrer to the petition.

This is a case of first impression in Georgia on the question whether or not an action can be maintained on a note in which there is no promise to pay a sum certain, but where there is a marginal entry of an amount in figures. The case of *Love* v. *Perry*, 19 *Ga. App.* 86 (90 S. E. 978), cited by counsel for both parties, and in which the court granted a nonsuit, is not on all fours with the case at bar, though this court there recognized and apparently approved the general rule in cases where there is no promise to pay a sum certain in the body of the note. In that case the petition alleged that the defendant executed and delivered his note whereby he undertook to pay the plaintiff $90 on October 15, 1914. The answer of the defendant expressly admitted "the allegations contained in paragraph 1 of plaintiff's petition," set out above. The court said that recourse to the figures in the margin of the note was not necessary to authorize the rendition of a judgment in favor of the plaintiff for the amount of the note sued on, with interest, because of the admission in the pleadings that the note was an executed undertaking to become liable for the amount sued for. In the case at bar there is no admission that the note sued on was executed and that the defendant undertook to become liable to the plaintiff for the amount sued for, and the expressions by this court in the *Perry* case, on a situation like that in the case at bar, are pertinent to this decision. This court said, "The general rule appears to be that figures on the margin of a promissory note will not authorize a recovery thereon, if the amount is left blank in the body of the instrument. 'The fact that an amount is stated in the margin of a note, both in words and figures, does not dispense with the necessity of expressing clearly in the instrument the amount for which it is made; and though the figures are in the margin of the paper, so long as the amount is left blank in the body of the instrument, there can be no recovery thereon.' 1 Daniel on Negotiable Instruments (6th ed.), 132. . . An applica-

tion of the more general rule, recognized above, would require a reversal of the judgment of the lower court, if the record did not disclose a state of facts which . . cure the defect." A study of the *Perry* case thus discloses that this court has expressly recognized and approved the rule that where the amount to be paid is left blank in the body of a note, there can be no recovery thereon.

In Norwich Bank *v.* Hyde, 13 Conn. 279, it was held that where a writing was given, in the form of a note, promising to pay ———— dollars, in the margin of which was written $200, the office of the memorandum in the margin was to remove an ambiguity in the body of the instrument, and not to supply a blank. The court said that the question was, not whether the paper could be made a perfect instrument, but whether in its present shape it was a perfect instrument. In Hollen *v.* Davis, 59 Iowa, 444 (13 N. W. 413, 44 Am. R. 688), the court held that the figures in the margin of the note were no part of the instrument, and that they could not supply the blank for insertion of the amount the maker agreed to pay, and that there could be no recovery upon the note, for it was not a promise to pay any sum. In Chestnut *v.* Chestnut, 104 Va. 539 (52 S. E. 348, 2 L. R. A. (N. S.) 879, 7 Ann. Cas. 802), it was held that a writing in the form of a promissory note, in which the blank for the amount payable is not filled, is incomplete, and will not sustain an action at law, although an amount is written in words and figures in the margin. In Vinson *v.* Palmer, 45 Fla. 630 (34 So. 276), the court said: "The weight of authority is that where it was obviously the purpose of the parties that the body of the note should contain the complete promise of payment, the marginal figures will be regarded as merely a memorandum for convenience of reference, and no part of the note itself; and while the amount to be paid remains unstated, the writing does not constitute a note and can not be recovered upon as such. . . The payee might have been authorized to fill in the blank space before the word 'dollars' with the agreed number. But this was not done, and no recovery can be had upon the writing as a promissory note, in its present form." See 3 R. C. L. 892, § 80; 7 Am. Jur. 860, § 131. In Witty *v.* Michigan Mutual Life Insurance Co., 123 Ind. 411 (24 N. E. 141, 8 L. R. A. 365, 18 Am. St. R. 327), it was held that a note was complete where the figures appeared in the margin. This decision was aided by a statute. In Kimball *v.* Costa, 76 Vt. 289

(56 Atl. 1009, 104 Am. St. R. 937, 1 Ann. Cas. 610), the court made a similar decision without the aid of a statute. However, these cases are against the great weight of authority. See note 1 Am. & Eng. Ann. Cas. 611.

There could be no recovery on the note sued on in the case sub judice in its present form. The court erred in overruling the demurrer which raised that point, and all further proceedings were nugatory.

*Judgment reversed on the cross-bill of exceptions; main bill dismissed. Stephens, P. J., and Sutton, J., concur.*