Walter L. DE BOSE, Appellant,

v.

**LOS ANGELES TEACHERS CREDIT UNION, a Corporation, Appellee.**

No. 1916.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 7, 1957.

Decided Feb. 20, 1957.

Carney Co., D.C.Mun.App., 119 A.2d 116; Manos v. Fickenscher, D.C.Mun.App., 62 A.2d 791.

Dorsey E. Lane, Washington, D. C., for appellant.

Bernard D. Lipton, Washington, D. C., with whom Morton Kudysh, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellee, plaintiff below, brought suit for the balance due on a promissory note and obtained judgment. The note read in part:

"1,825.00   Los Angeles, California

"July 2, 1953   *  *  *

"For Value Received, the undersigned jointly and/or severally promises to pay to Los Angeles Teachers Credit Union at its office in Los Angeles, California, the principal sum of ........ Dollars.
*   *   *   *   *   *   *   *   *   *   ..

"This note is executed in conjunction with a loan on

"1952 Pontiac Delux          1,550.00

"Sig.                              275.00

"Signatures:
"1.  /s/ Walter L. DeBose
        Borrower
*    *    *    *    * "

At trial defendant admitted that the signature was his. He testified that while he was a teacher in California he executed the note in connection with a loan to purchase an automobile and made payments on it until he came to Washington. Upon default, plaintiff sold the automobile which secured the note and sued for the balance. Defendant did not contest the amount of the debt involved.

After giving notice, plaintiff proceeded to take the deposition of its office manager in California. Over objection that there was no showing that the deponent was not available to testify in open court, or that he was a nonresident, the deposition was admitted into evidence.

Defendant's principal contention is that recovery on the note was barred because no sum appeared in the body of the instrument, although the figures in the margin indicated the amount loaned. Defendant urges us to adopt what he calls the "majority" rule, which he claims would yield a result favorable to him.

At the outset we are faced with the problem of what law to apply. Since the note was executed in California and contemplated payment there, it is apparent that California law should govern.[1] However, we have found no cases in California, nor have we been referred to any, on the point in question.

We have not been able to find a case exactly in point with regard to the effect of marginal notations where the sum is left blank in the body of the instrument. In

1.  Bayside-Flushing Gardens v. Beuermann, D.C.D.C.1941, 36 F.Supp. 706.

Baucom v. Friend, 1947, D.C.Mun.App., 52 A.2d 123, this court held that a marginal reference constitutes a part of the contract and may be considered. In the Baucom case, however, the marginal reference contradicted the time of payment which was already stated in the body of the note, and this court merely followed the rule that the two terms should be construed together. In the instant case no sum was stated in the body.

Two opposing rules have been applied to this situation. Some courts have permitted recovery by reference to the marginal notations, but the majority deny recovery on the ground that until the blank is filled in, the instrument is incomplete.[2] Defendant argues that if we follow the "majority" view we must award him judgment, and he cites several cases in support of his position.[3]

With this contention we cannot agree. The cases relied on by defendant do not establish an absolute rule that recovery is necessarily precluded under these circumstances. The Chestnut case held that a bona fide holder should not lose the debt which such instrument was intended to evidence simply because it was incomplete, and ruled that if the blank was left unfilled by mistake, a court of equity may correct the mistake.[4] Love v. Perry held that an admission in court by the defendant of the debt effectively filled the blank and cured the defect.[5] The Hogan case reaffirmed the principle of the Love case but disallowed recovery because there was no admission that the defendant executed the note or undertook to become liable for the amount recited in the margin.[6]

The "majority" rule thus seems to be that recovery is only barred when there is no proof of the existence and the amount of the underlying debt.[7] In the instant case although suit was initiated solely on the note itself, it was shown at trial by defendant's own admissions that he executed the note in return for a loan, and that the amount printed in the margin, less credits for various payments and the proceeds from the sale of the car, was the actual amount of the debt. Accordingly, the judgment must be affirmed.

Defendant also complains that it was error to admit into evidence the deposition of plaintiff's office manager, since the evidence adduced by plaintiff did not establish that the deponent was unavailable to testify or that he was a nonresident, as required by Municipal Court Rule 26(d)(3). However, defendant did not object when he was notified of the taking of the deposition, nor did he avail himself of the right to transmit cross-interrogatories. Defendant's counsel admitted that the deponent was employed as plaintiff's officer manager in California. We think that there was a sufficient showing that the witness was "out of the District of Columbia." In addition, defendant's case was not prejudiced by the use of the deposition because all the facts were essentially conceded by his own testimony.

Affirmed.

2. See the discussion in 7 Am.Jur., Bills and Notes, §§ 74, 131.

3. Hogan v. Brogdon, 1941, 65 Ga.App. 8, 14 S.E.2d 575; Love v. Perry, 1916, 19 Ga.App. 86, 90 S.E. 978; Chestnut v. Chestnut, 1905, 104 Va. 539, 52 S.E. 348, 2 L.R.A.,N.S., 879, 7 Ann.Cas. 802; Hollen v. Davis, 1882, 59 Iowa 444, 13 N.W. 413.

4. Chestnut v. Chestnut, supra, 52 S.E. at page 349.

5. Love v. Perry, supra, 90 S.E. at page 979.

6. Hogan v. Brogdon, supra, 14 S.E.2d at page 579.

7. See also Dilworth v. Husky, Tex.Civ. App.1941, 149 S.W.2d 269.